CITY OF SAGINAW *v.* SAGINAW COUNTY BOARD OF SUPERVISORS.

1. MANDAMUS — SUBMISSION OF ANNEXATION PROPOSALS TO ELECTORATE.

Mandamus is the proper remedy to compel the submission of annexation proposals to the electorate, where petitions from the area involved had been properly filed (CLS 1961, §§ 117.6–117.8).

2. SAME—PARTIES—ANNEXATION.

City to which annexation of township territory is sought is a proper party to bring mandamus action to compel county board of supervisors to submit question of annexation pursuant to properly filed petitions (CLS 1961, §§ 117.6–117.8).

3. WORDS AND PHRASES—ENCLAVES.

An enclave is defined as a tract of territory enclosed within a foreign territory.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 34 Am Jur, Mandamus § 125 (Supp).
Proper remedy or procedure for attacking legality of proceedings annexing territory to municipal corporation.  18 ALR2d 1255.
[2] 35 Am Jur, Mandamus § 324.
[4] 18 Am Jur, Elections § 19.
37 Am Jur, Municipal Corporations § 26.
[5] 35 Am Jur, Mandamus § 393.

4. MUNICIPAL CORPORATIONS—ANNEXATION—ENCLAVES—GERRYMAN-
DERING.
    The creation of enclaves in territory to be annexed to a city and
    gerrymandering which excluded any qualified electors within
    the area to be annexed to the city to which petitions for annexa-
    tion were filed invalidated the petitions for annexation (CLS
    1961, §§ 117.6-117.8).

5. COSTS—PUBLIC QUESTION—ANNEXATION.
    No costs are allowed in mandamus action to compel county board
    of supervisors to submit proposals to annex territory to home-
    rule city to electorate, a public question being involved (CLS
    1961, §§ 117.6-117.8).

Appeal from Saginaw;' Smith (Richard G.), J., presiding. Submitted Division 3 January 18, 1965, at Grand Rapids. (Docket No. 232.) Decided April 19, 1965.

Petition, subsequently entitled as complaint, for mandamus by City of Saginaw, a municipal corporation, against Board of Supervisors of the County of Saginaw to compel vote on two propositions for annexation. Township of Carrollton intervened as party defendant. Judgment for plaintiff. Defendants appeal. Reversed.

*W. Vincent Nash,* City Attorney (*Francis B. Drinan,* Assistant City Attorney, of counsel, for plaintiff.

*Gerald G. Danin,* for defendant Township of Carrollton.

*Robert L. Richardson, Jr.,* for defendant Supervisors of the County of Saginaw.

BURNS, J. Plaintiff seeks a judgment of mandamus against the defendant board of supervisors for the county of Saginaw requiring the defendant to

place on the ballot two propositions of annexing certain lands in the township of Carrollton to the city of Saginaw.

On April 2, 1962, petitions were circulated and then filed with the office of the county clerk requesting an election to be held according to the "home-rule" act, CLS 1961, §§ 117.6–117.8 (Stat Ann 1963 Cum Supp §§ 5.2085–5.2087) to determine whether certain land, described in exhibits 1 (petition #3) and 2 (petition #4), in the county of Saginaw should be detached from the township of Carrollton and annexed to the city of Saginaw. The petitions were signed by qualified electors who were freeholders residing within the city and township, the signatures being equal to a number not less than 1% of the population of the territory affected thereby, according to the last preceding United States census. Over ten of the signatures on each petition were obtained from the township of Carrollton. The city claimed that the petitions contained an accurate description of the territory proposed to be annexed, together with an attached map. It is claimed that those who signed the petitions were shown a map prior to signing the petition. The petitions were verified by the circulators.

On May 29, 1962, the committee of the county board of supervisors on county affairs and agriculture instructed Clara Redding, the county clerk for the county of Saginaw, to examine the petitions to determine the number of signatures on the petitions, and to ascertain whether the persons who had signed the petitions were qualified electors and freeholders in the affected city and township.

On August 16, 1962, the clerk submitted a report to the committee. The report stated that petition #3 (a petition to annex commercial property only) had 2,155 valid signatures from the city of Saginaw

and 30 valid signatures from the township of Carrollton. It further reported that petition #4 (a petition to annex residential property only) had 2,154 valid signatures from the city of Saginaw and 30 valid signatures from the township of Carrollton.

It was admitted in the pleadings that the 1960 United States census stated a population for the city of Saginaw of 98,265 people and a population for the township of Carrollton of 6,718 people.

The committee held lengthy hearings, after which a report was submitted by the committee members who represented townships and by the chairman of the board stating that the petitions were not valid and failed to conform to the statute. A minority report was filed by the city member on the committee stating that in his judgment the petitions were valid and that the election should be held. On December 11, 1962, the board of supervisors adopted the majority report.

Upon the board's refusal to submit the question of annexation to the electorate, the city of Saginaw instituted mandamus proceedings to compel the board of supervisors of the county of Saginaw to submit the question to the electorate.

The city claimed that the board's reasons for rejecting the petitions were artificial, hypertechnical, and wholly lacking in substance or merit. Further, the plaintiff claimed that since the duty of the board, according to the statute, was merely a ministerial one in accepting petitions which were proper in form, substance and content, it could be compelled to act by a writ of mandamus.

The defendant board of supervisors and the township of Carrollton, which later intervened as a party defendant, filed a motion to dismiss wherein they challenged plaintiff's right to maintain an action of mandamus. This motion was denied. Defendants

then answered, denying generally plaintiff's right to relief and setting up affirmative defenses. They contended that defendant board had complied with the statute and had performed its duty according to law. They also attacked the petitions, claiming lack of contiguity of the territories sought to be annexed. They argued, *inter alia,* that the annexation petitions were invalid because, taken individually, they resulted in the creation of enclaves. They further argued that the petitions were so constructed by plaintiff as to amount to gerrymandering.

In a well-written opinion, the trial judge held that the plaintiff had substantially complied with the law as it related to both petitions, and ordered a writ of mandamus issued which required the board of supervisors for the county of Saginaw to proceed according to law to place the propositions on the ballot. From that order the defendants have appealed.

The defendants have raised several issues in their appeal, the first being whether mandamus is the proper form of action. *Attwood* v. *Wayne County Supervisors* (1957), 349 Mich 415, and *Goethal* v. *Kent County Supervisors* (1960), 361 Mich 104, hold that mandamus is the proper procedure for a party to use to compel the submission of annexation proposals to the electorate where petitions from the areas involved had been properly filed. This Court holds that mandamus is the proper procedure in the present case.

Defendants next contend that the city of Saginaw is not a proper party. The revised judicature act, PA 1961, No 236, § 2051, CLS 1961, § 600.2051 (Stat Ann 1962 Rev § 27A.2051) states:

"Actions to which this State or any governmental unit, including but not limited to a public, municipal, quasi-municipal, or governmental corporation, unin-

corporated board, public body, or political subdivision is a party may be brought by or against such party in its own name, or in the official capacity of an officer authorized to sue or be sued in its behalf, except that an officer of the State or any such unit shall be sued in his official capacity for the purpose of enforcing the performance by him of an official duty. Whenever any officer sues or is sued in his official capacity, he may be described as a party by his official title and not by name, subject to the discretion of the court, upon its own motion or that of any party, to require his name to be added."

Thus, the city of Saginaw is a proper party to bring this action.

We now come to the problem of enclaves. An enclave is defined as a tract of territory enclosed within a foreign territory.[1] In the instant case, it was admitted that if petition #3 is adopted and petition #4 is not adopted there will be a completely isolated tract of land known as the Miller property which will remain part of the township of Carrollton, and further that if petition #4 is adopted and petition #3 is not adopted, the commercial strip will be a large island or enclave surrounded by the city of Saginaw.

It was further admitted that petition #3 was so designed as to exclude any qualified electors within that area to be annexed. Thus, the problem of gerrymandering is involved.

There is authority throughout the country holding that the creation of enclaves in territory to be annexed does not break contiguity nor does it prevent annexation. *City of Burlingame* v. *County of San Mateo* (1949), 90 Cal App 2d 705 (203 P2d 807); *People, ex rel. Forde,* v. *Town of Corte Madera* (1952), 115 Cal App 2d 32 (251 P2d 988); *Spaulding School Dist. No. 58* v. *City of Waukegan* (1960), 18

---

[1] Webster, Third New International Dictionary (1964 ed.).

Ill 2d 526 (165 NE2d 283); *Mann* v. *City of Hot Springs* (1961), 234 Ark 9 (350 SW 317); *Rooker* v. *City of Little Rock* (1961), 234 Ark 372 (352 SW2d 172).

However, the Michigan Supreme Court in the case of *Township of Genesee* v. *Genesee County* (1963), 369 Mich 592, 603 adopted language from 37 Am Jur (1941), Municipal Corporations § 27, p 645 as follows:

"When contiguity is required by statute, the attempted consolidation of 2 municipalities which are contiguous at 2 points *with an intervening space between is unlawful,* since it would leave a tract of territory within but not part of the consolidated municipality." (Emphasis added.)

In a case from the Kalamazoo circuit court, Washington *v.* Board of Supervisors of Kalamazoo County, Civil No 33–410, Nov. 25, 1963, the circuit judge cited the *Genesee Case* and quoted the aforementioned language from American Jurisprudence. He held that the petitions were invalid for the reason that they created enclaves and they attempted to gerrymander territory.

The case was appealed to the Michigan Supreme Court, and on April 10, 1964, the application for leave to appeal was denied.[2]

Therefore, it is the opinion of this Court that enclaves and gerrymandering do invalidate petitions for annexation. The judgment of the lower court is hereby reversed and the writ of mandamus denied. No costs, a public question being involved.

FITZGERALD, P. J., and HOLBROOK, J., concurred.

---

[2] Supreme Court Journal, vol 25 p 430.—REPORTER.