## TOWNSHIP OF NILES v. BERRIEN COUNTY.

1. NOTICE—CONSTRUCTION OF STATUTES—PUBLICATION.

Statute requiring notice by publication "for at least 3 weeks immediately preceding the presentation" of an annexation petition *held*, to mean that the notice must be published at least once during each of the 3 calendar weeks (Sunday through Saturday) immediately preceding the calendar week of the hearing and not necessarily 21 days (CL 1948, § 82.1).

2. MUNICIPAL CORPORATIONS—ANNEXATION—ELECTION.

Plaintiffs' contention in an action to enjoin the holding of an annexation election that the petition for annexation of township territory to city was so designed by gerrymandering and the creation of enclaves as to exclude 5 qualified electors *held*,

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur, Newspapers and Press Associations § 13 *et seq*.
[2-5] 37 Am Jur, Municipal Corporations § 23 *et seq*.
[5] 49 Am Jur, States, Territories, and Dependencies § 40.
[6] 5 Am Jur 2d, Appeal and Error § 1009.

not supported by the record, which indicates the land sought to be annexed is contiguous to the city, compact, and fairly regular.

3. WORDS AND PHRASES—ENCLAVE.
   An enclave may be defined as a tract of territory enclosed within a foreign territory.

4. MUNICIPAL CORPORATIONS—ANNEXATION ELECTION—HEARING BY BOARD OF SUPERVISORS—EQUAL PROTECTION—COMMITTEES.
   Plaintiffs' contention in action to enjoin holding of annexation election of township territory to city that board of supervisors denied equal protection of the law to 4 persons who were not permitted to object to the petition at the board's meeting for that purpose *held,* not supported by the record, where the matter was referred to the board's committee which allowed all objectors to state their objections, and the committee was an agency of the board.

5. CONSTITUTIONAL LAW—LEGISLATIVE BODIES—COMMITTEES.
   The use of committees by legislative bodies for the purpose of obtaining information to meet the requirements of government is absolutely necessary.

6. COSTS—ANNEXATION ELECTION—INJUNCTION—PUBLIC QUESTION.
   Costs are not allowed on appeal from action in circuit court to enjoin holding of annexation election, which affirms dismissal by that court, a public question being involved.

Appeal from Berrien; Zick (Karl F.), J. Submitted Division 3 June 1, 1966, at Grand Rapids. (Docket No. 1,522.) Decided November 22, 1966.

Complaint by Township of Niles, a municipal corporation, and John McDonald, supervisor of Niles township, against Berrien county, a municipal corporation, the board of supervisors of Berrien county, Forrest H. Kesterke, county clerk, and Arthur A. Mould, township clerk, for a declaratory judgment and to enjoin holding of an annexation election. Complaint dismissed. Plaintiffs appeal. Affirmed.

*Charles J. LaSata,* for plaintiffs.

*John T. Hammond,* Prosecuting Attorney, for defendant Berrien county, its board of supervisors, and its county clerk.

*Mowitt S. Drew,* for city of Niles, intervening defendant.

BURNS, J. On July 2, 1965, the city of Niles, pursuant to CL 1948, § 82.1 (Stat Ann 1949 Rev § 5.1609) filed 2 petitions with the county clerk of Berrien county to annex lands located in the township of Niles. One petition dealt with land located in precinct No. 1 and the other petition referred to land located in precinct No. 3.

Pursuant to the statute, notice was published in the Niles Daily Star, a newspaper published and circulated in the city of Niles, that the Berrien county board of supervisors would conduct a hearing on said proposals on July 19, 1965, at 11 o'clock a.m. Said notices were published on Saturdays, July 3, 10 and 17, 1965.

On Monday, July 19, 1965, the board of supervisors conducted a hearing on the proposals. The chairman limited appellant McDonald to 5 minutes to present his objections and then referred the matter to the legislative committee. The committee held a meeting on August 10, 1965, at the Niles township hall and an opportunity was given to persons opposing said annexations to present their arguments. On August 16, 1965, the board adopted the resolution requiring an election to be held by the Niles township clerk.

Appellants filed suit in the circuit court for Berrien county, asking the court to enjoin the township clerk from holding the election. The trial judge

refused to issue the injunction and dismissed the case.

On October 18, 1965, an election was held in the township of Niles relative to the proposals. The proposal won in precinct No. 1 and was defeated in precinct No. 3. This appeal is concerned only with the annexation of land located in precinct No. 1.

Appellants argue the notice as published in the Niles Daily Star on Saturdays, July 3, 10 and 17 was defective. The pertinent part of the statute referring to publication is as follows:

"Notice shall be given by the city clerk of the time and place when the same will be presented for consideration, by publishing the same in 1 or more newspapers published in such city for at least 3 weeks immediately preceding the presentation of the same."

Appellants contend 3 weeks means 21 days, and therefore the publication was defective, as the first publication was only 16 days prior to the meeting. The case of *People, ex rel. Scrafford,* v. *Gladwin Supervisors* (1879), 41 Mich 647, held that a publication for a period of 4 weeks prior to the hearing, but not 4 weeks immediately preceding the hearing, was defective. It is difficult to see how the defendant could have published said notice in the paper for 3 weeks immediately preceding the hearing without a fatal break in said publication, except as published by the defendant.

We hold the statute in question to mean said notice must be published at least once during each of the 3 calendar weeks (Sunday through Saturday) immediately preceding the calendar week of the hearing, and not necessarily 21 days.

Appellants contend the petition for annexation was so designed by gerrymandering and the crea-

tion of enclaves to exclude 5 qualified electors. This case is not in point with the *City of Saginaw* v. *Saginaw County Board of Supervisors* (1965), 1 Mich App 65, cited by appellants, where it was admitted that under certain conditions the annexation would create enclaves and that gerrymandering existed. In the present case the only proof to establish such a fact is the statement by appellants in their brief. It is not admitted by the appellees and the arguments of counsel were not transcribed for the record. Looking to the record, the map submitted with the petition indicates the land proposed to be annexed is contiguous to the city, compact and fairly regular. The map does not indicate any enclave, a tract of territory enclosed within a foreign territory, nor does it indicate any gerrymandering.

Lastly, the appellants assert the board of supervisors at the meeting on July 19, 1965, denied equal protection of the law to 4 persons who were not given an opportunity to voice their objections to the petition, and that the board did not give due consideration to the petition.

Again, the record in this case is lacking. We do not have the transcript of the proceedings of the supervisors' meeting but rely on counsels' briefs. It would appear that appellant McDonald was allowed 5 minutes to voice his objection and spent his time objecting to the sufficiency of the notice and asked that the petition be dismissed. The petition was referred to the legislative committee which held an additional hearing at which all objectors were given an opportunity to state their objections. The legislative committee filed its report and its recommendations with the board. The board adopted the recommendations of the committee and ordered the election.

It has been pointed out that all qualified electors in precinct No. 1 voted on the proposal which carried by a vote of 4 to 3.

The right of the board to appoint committees is not questioned, and for the purpose of obtaining information to meet the requirements of government, the use of committees by legislative bodies is absolutely necessary.

The committee held a hearing and all persons who desired to present arguments were given the opportunity to do so. In fact, they were allowed to speak at much greater length than would have been practical before the board. The committee could take more time to consider the proposal than could the entire board of supervisors and the board acted upon the committee's recommendation. The parties were not denied equal protection of law, as the committee was an agency of the board which heard their objections and considered the proposal.

Judgment affirmed. No costs as a public question is involved.

HOLBROOK, P. J., and HOFFIUS, J., concurred.