TOWNSHIP OF OWOSSO v. CITY OF OWOSSO

1. MUNICIPAL CORPORATIONS—ANNEXATION—CONTIGUITY.

The contiguity necessary for annexation requires a reasonably proportionate connection between the area to be annexed and the massed body of the annexing municipality; included in the requirement of contiguity are reasonable compactness and regularity of boundary so as to insure that the annexed and annexing territories become an unbroken mass which can function effectively as a single unit.

2. MUNICIPAL CORPORATIONS — ELECTIONS — ANNEXATION — GERRYMANDERING.

An annexation election was invalid where the parcel annexed was connected to the annexing body by a strip of land approximately 1,326 feet long by 280 feet wide, the strip was purchased by the circulators of the petition for annexation especially for the purpose of securing a connection between the two pieces of land, there were no streets or public rights-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 37 Am Jur, Municipal Corporations §§ 23–34.
[3] 37 Am Jur, Municipal Corporations § 107.
[4] 37 Am Jur, Municipal Corporations § 25.

of-way extending through the connecting strip, and where the parcel to be annexed was drawn so as to have 40 sides and only two qualified electors while excluding areas situated between the bulk of the annexed land and the annexing city containing approximately 160 qualified electors.

3. MUNICIPAL CORPORATIONS—ANNEXATION—GERRYMANDERING.

Home rule cities have been granted wide authority by the legislature in the annexation of territory; however, the courts will intervene where necessary to prevent acts such as gerrymandering which are inconsistent with the legislative purpose.

4. MUNICIPAL CORPORATIONS — ANNEXATION — JUDICIAL REVIEW — GERRYMANDERING.

The shape and size of territory to be annexed is reviewable by a court where review is necessary to prevent frustration of the legislative intent by gerrymandering of the annexed territory.

Appeal from Shiawassee, Michael C. Carland, J. Submitted Division 2 May 6, 1970, at Lansing. (Docket No. 7,843.) Decided July 29, 1970. Leave to appeal granted October 13, 1970. 384 Mich 764.

Complaint by Township of Owosso and others against the City of Owosso and others to set aside annexation proceedings. Judgment for defendants. Plaintiffs appeal. Reversed and remanded.

*Gerald J. McClear* and *Bauckham & Reed,* for plaintiffs.

*Louis C. Andrews, Jr.,* and *Lewis D. Benson,* for defendants.

Before: T. M. BURNS, P. J., and QUINN and ROBERTS,* JJ.

T. M. BURNS, P. J. A petition for annexation to the defendant city of an extremely irregular parcel

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

of land containing approximately 240 acres was filed on April 5, 1968.[1] The parcel is physically connected to the City of Owosso by a strip of land purchased by the circulators of the petition especially for the purpose of securing that connection. This strip is approximately 1,326 feet long by 280 feet wide.[2] There are no public rights-of-way nor any streets extending through the strip which connect the body of the parcel to be annexed to the city itself.

With the boundaries as drawn by the circulators of the petition for annexation, the parcel to be annexed has some 40 sides but only two qualified electors. In the immediately adjacent township areas, excluded from the parcel by means of the irregular boundary but situated between the bulk of the parcel and the city, there are approximately 140 qualified electors. In all, approximately 160 qualified electors were excluded by the irregularly drawn boundaries from the area which was sought to be annexed.

The annexation petition and the matter of setting an election on same was heard at a meeting of the Board of Supervisors of Shiawassee County on June 11, 1968. At the meeting, the township objected to the proposed annexation on the basis of the gerrymandered nature of the parcel's boundaries. The mayor of the city, being one of the circulators of the petition, sent a letter to the board which advised the board that his only concern was whether the signatures and description were valid, and that it was up to the courts to decide any questions of shape, location, or size.

---

[1] See appendix.

[2] The strip varied between 330 feet and 219 feet, but the 219 feet claimed by the plaintiff did not include a public street. The trial court therefore found the strip to be effectively 280 feet at its narrowest.

The election was held on August 6, 1968. The only two qualified electors included in the area to be annexed voted for the annexation. In the balance of the township, however, there were 491 votes against and only 161 in favor. The proposition was carried in the city by a vote of 1,773 to 475.

On September 5, 1968, the current proceedings were instituted by the plaintiff to have the annexation election set aside because of gerrymandering and alleged lack of contiguity.

The trial court, while agreeing that contiguity was an essential element of a proper annexation, found the 1,326 by 280-foot strip to be sufficient to make the area contiguous to the City of Owosso. The trial court also decided that since there was nothing in MCLA § 117.9 (Stat Ann 1970 Cum Supp § 5.2088) as to shape or size of the land to be annexed, it was without power to review the annexation as to shape of the parcel to be annexed.

We do not agree that the parcel sought to be annexed is contiguous nor do we consider that the configuration of such a parcel is totally beyond judicial review.[3]

We agree with the trial judge that no fair-minded person could find contiguity in the case of *Township of Genesee* v. *Genesee County* (1963), 369 Mich 592.

---

[3] Although this cause was not specifically brought under MCLA § 600.4545 (Stat Ann 1962 Rev § 27A.4545) as it must be since it was brought within the 30-day limit, it could on remand be considered in law rather than in equity. See *Heidelmeyer* v. *Village of Oakwood* (1923), 222 Mich 331; *Lake* v. *Township of North Branch* (1946), 314 Mich 140, 142; *Finlayson* v. *Township of West Bloomfield* (1948), 320 Mich 350, 357; see also, *Hertzog* v. *City of Detroit* (1966), 378 Mich 1, 15.

[4] See *City of Saginaw* v. *Saginaw County Board of Supervisors* (1965), 1 Mich App 65, wherein this Court mentions with favor a case from the Kalamazoo Circuit Court, *Washington* v. *Board of Supervisors of Kalamazoo*, Civil No. 33-410, November 25, 1963, upon which application for leave to appeal to the Michigan Supreme Court was denied on April 10, 1964.

[5] *Township of Niles* v. *Berrien County* (1966), 5 Mich App 240; *City of Saginaw* v. *Saginaw Supervisors, supra.*

We cannot agree that there is the necessary contiguity here. We consider that contiguity requires more than mere touching. We view contiguity as requiring a reasonably proportionate connection to the massed body of the annexing municipality.[4]

Although we are not presented here, as plaintiffs seem to contend, with a problem of the production of enclaves of the township completely surrounded by the city, we do have here an obvious gerrymandering of territory.[5] We agree with Circuit Judge Robert W. McIntyre's position on gerrymandering, which he so thoughtfully considererd in *Washington* v. *Board of Supervisors of Kalamazoo, supra,* fn. 4:

"The question as to validity of gerrymandering procedures in seeking annexation is inextricably tied to the question whether an enclave can be created, in the instant case. The gerrymander invented by the American statesman, Elbridge Gerry, in the early 19th century, was an unfair arrangement of electoral districts, designed by the dominant party to give it an advantage over its rival in future elections. The districts were so arranged that the voting strength of the favorite party would count for as much as possible and that of the other party for as little as possible. In early American history the practice produced many legislative districts of peculiar shapes such as the 'shoe string' district of Mississippi, the 'dumb-bell' district of Pennsylvania, and the 'saddle-bag' district of Illinois. In 1842, in passing a reapportionment act, Congress provided that every district should be 'compact' and 'contiguous'. Now most states have similar provisions in their constitutions or laws. In the recognition of the evil principle of the gerrymander, the State of Michigan in its Const 1963, art 4, § 3, provides that representative districts shall 'consist of compact and convenient territory contiguous by land'. This court concedes that this quotation has nothing to do with the annexation of land under the Home Rule Act, but cites

this authority to illustrate the abhorrence which the people have for the gerrymander in governing elections.

"In the two cases now under consideration, the petitions ask for annexation elections which are gerrymandered under the terms of the Home Rule Act because they describe territories which are constructed so as to prevent defeat of the proposal by the residents of the enclaves created in the descriptions.   This court feels that such a procedure is morally and legally wrong.

"Our sister state, Illinois, had this problem in the case of *Fisher* v. *Birkey* [1921], 299 Ill 145, 151, 152 (132 NE 498).   This was an action to set aside and declare void a certain order of the county superintendent of schools, granting the prayer of certain petitioners to establish a new school district.   The new school district was proposed to emerge from parts of four previous school districts and was designed in such a fashion as to include a tract of taxable lands, but to exclude voters, who it was anticipated, would object to the proposal.   The resulting proposed district was oddly shaped and ungainly in service facilities.   In granting the relief sought, the Court said:

" 'A mere inspection of the above plat of the five school districts in question is sufficient to convince anyone, we think, that the best interests of the inhabitants of the districts were not considered or seriously regarded either by the petitioners who petitioned for a new district or by the county superintendent of schools who ignored the action of the four boards of trustees and allowed the formation of the new district.   The object of the petitioners in petitioning for an ill-shaped, ungainly and inconvenient district must necessarily have been to serve their own selfish purposes, without regard for the rights of the owners of land and inhabitants in the parts of the district most remote from the school site therein and the inhabitants of the other districts.   The purpose in forming this territory into

a new district, as is manifest from the allegations of the bill, was to secure territory that could be taxed for the purposes of the district and at the same time avoid taking in resident owners of land who would oppose its organization.'

"Although the Supreme Court of Illinois did not declare the law under which this district was sought to be constructed as unconstitutional, the misapplication of the law for the selfish purposes of the petitioners was deemed sufficient by the Court to void the petitions and any further proceedings thereunder.

"The Supreme Court of the State of Michigan in the case of *Shumway* v. *Bennett* [1874], 29 Mich 451, struck down the previous annexation statutes of Michigan as unconstitutional on the principal basis that the residents of the territory to be affected had no effective voice in their destiny. We cannot therefore assume that the legislature of the State of Michigan in passing the present Home Rule Act had the intention of circumventing the principle which was upheld in *Shumay*. In fact, in *Oakman* v. *Board of Supervisors of Wayne County* [1915], 185 Mich 359, the court upheld the constitutionality of the present act in these words:

" 'In other words, the act not only requires a majority vote of all those residing in both municipalities, but requires a majority vote of those residing in the particular territory. This provision meets the principal ground upon which the act was declared void in *Shumay* v. *Bennett, supra.*'

"This court does not believe that the obvious intent of the legislature as endorsed by the Supreme Court of the State of Michigan, can be skirted by the gerrymander practice of technically observing the law while tacitly avoiding its plain intent.

"Under the two cases here considered, it is the judgment of this court that the petitions involved are invalid for the reasons, first that they create enclaves abhorrent to the law and second, because judgment of this court that the petitions involved

in order to influence the course of the election required by the law."

While we are aware of *Goethal* v. *Kent County Supervisors* (1960), 361 Mich 104, 115; *Williams* v. *County of Bay* (1962), 367 Mich 406; *Magnuson* v. *Kent County Canvassers* (1963), 370 Mich 649, and numerous other cases which might be cited for the proposition that the legislature has granted a wide authority to home rule cities in the annexation of territory from townships, we consider that all legislation must be measured by the rule of reason. That is not to say that the judiciary may substitute its judgment as to what is desirable or proper for that of the legislature. But where the legislature has stated in a general way the objective and procedures to be followed in achieving a certain result, the judiciary must, in turn, apply the test of reason to the acts sought to be accomplished thereunder to ascertain whether they square with the legislative purpose. Here we cannot, as the court in *Washington* v. *Board of Supervisors of Kalamazoo, supra,* could not, allow the obvious intent of the legislature in MCLA § 117.9 (Stat Ann 1970 Cum Supp § 5.2088) to " * * * be skirted by the gerrymandering practice of technically observing that law while tacitly avoiding its plain intent".

We consider that included in the requirement of contiguity are the elements of reasonable compactness and regularity of boundary so as to insure that the annexed and annexing territories become an unbroken mass which can function effectively as a single unit rather than as an armed monster with only minimally-connected appendages.

We hold that the parcel as outlined in the petition for annexation here lacks the contiguity and compactness necessary to the efficient and effective operation of municipal services as a result of the

gerrymandering which also denied some 160 qualified voters an effective voice in the annexation proposal.

Reversed and remanded for entry of judgment invalidating the annexation election. Costs to plaintiffs.

All concurred.