PITTSFIELD TOWNSHIP v CITY OF ANN ARBOR

Docket No. 77-4078. Submitted June 22, 1978, at Lansing.—Decided October 2, 1978.

Ann Arbor City Council passed a resolution annexing six parcels of land, collectively referred to as the airport parcel, from Pittsfield Township. A proceeding was commenced in Washtenaw Circuit Court, by Pittsfield Township, to have the annexation declared null and void. Ann Arbor City Council passed a second resolution annexing land known as the Eisenhower Parkway which was also located in Pittsfield Township. Pittsfield Township requested the court to void this annexation also. The court found that the attempted annexation of the airport property was illegal because it created an enclave of township property that was politically deadlocked and could result in gerrymandering. The court also found that the boundary of the attempted airport annexation was not a reasonable configuration, was not proportionately adjacent or contiguous to the city and could not properly be annexed by resolution. The court found that Eisenhower Parkway was not a park, was not vacant property, and that its annexation would also create an illegal township enclave within city boundaries. Summary judgment for Pittsfield Township as to both attempted annexations, Ross W. Campbell, J. The City of Ann Arbor appeals. *Held:*

The annexation of township territory to a city by resolution of its city council requires that the property be adjacent to the city, a park or vacant property, owned by the city and without residents thereon. The annexation statute is not exclusive and courts may examine proposed city annexations to determine whether they are reasonably contiguous with the city and whether illegal enclaves would be created. The court acted properly when it examined the proposed annexations and found

REFERENCES FOR POINTS IN HEADNOTES

[1, 6] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 50, 55, 57.

[2-4] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 57.

[5] 73 Am Jur 2d, Statutes §§ 204, 206-208.

[7] 73 Am Jur 2d, Summary Judgment § 18.

(1) that the proposed airport annexation would create an illegal triangular enclave of township property surrounded by city territory, and (2) Eisenhower Parkway is in constant use as a road, had not been abandoned, and was not vacant property for purposes of the statute and that the annexation of the roadway would result in the creation of an enclave of township property resided in by over 100 persons.

Affirmed.

1. MUNICIPAL CORPORATIONS—TOWNS—ANNEXATION—CONTIGUITY—GERRYMANDERING—COMPACTNESS OF BOUNDARIES—APPEAL AND ERROR—STATUTES.

Township territory may be annexed to a city solely by resolution of the city council where the territory proposed to be annexed is adjacent to the city and consists of a park or vacant property located in the township and owned by the city and there is no one residing thereon; this annexation statute is not exclusive and appellate courts generally hold that such additonal factors as contiguity, gerrymandering, and reasonable compactness of boundaries be considered by trial courts in annexation cases (MCL 117.9[8]; MSA 5.2088[8]).

2. MUNICIPAL CORPORATIONS—TOWNS—ANNEXATION—CONTIGUITY—ENCLAVES.

A trial court should examine proposed city annexations of township territory to determine whether such annexations are reasonably contiguous with the city and whether illegal enclaves would be created.

3. WORDS AND PHRASES—ENCLAVES—DEFINITION.

An enclave is defined as a tract of territory enclosed within a foreign territory.

4. MUNICIPAL CORPORATIONS—TOWNS—ANNEXATION—ENCLAVES—TOWNSHIP TERRITORY.

A triangular enclave of township territory surrounded by city territory should not be created by a city annexation of township property.

5. STATUTES—CONSTRUCTION—SENTENCES—WORDS—APPROVED USAGE.

Effect must be given to each part of a sentence in construing the words of a statute so as not to render any other part nugatory; words are to be construed according to their common and approved usage (MCL 8.3a; MSA 2.212[1]).

6. MUNICIPAL CORPORATIONS—TOWNS—ANNEXATION—VACANT PROP-
   ERTY—BENEFICIAL PROPERTY USE—STATUTES.

   A portion of the annexation statute which provides for the
   annexation of a park or vacant property located in a township
   and owned by the city requires that the township land to be
   annexed be owned by the city and consists of a park or land
   which is not resided upon and not utilized for any beneficial
   purpose; a parkway that is in constant use as a road has not
   been abandoned and is not vacant property for purposes of this
   portion of the statute (MCL 117.9[8]; MSA 5.2088[8]).

7. JUDGMENT—SUMMARY JUDGMENT—SUPPORTING AFFIDAVIT—SUFFI-
   CIENCY.

   An affidavit in support of a motion for summary judgment is not
   fatally defective because it contains some facts of which the
   affiant has no personal knowledge if other portions of the
   affidavit of which the affiant does have personal knowledge are
   legally sufficient to support a trial court in its decision to grant·
   a judgment.

*Reading & Etter,* for plaintiff.

*John K. Van Loon,* Assistant City Attorney, for
defendant.

Before: R. B. BURNS, P.J., and D. F. WALSH and
M. E. CLEMENTS,* JJ.

M. E. CLEMENTS, J. On December 20, 1976, the
Ann Arbor City Council passed a resolution pursu-
ant to MCL 117.9(8); MSA 5.2088(8), annexing six
parcels of land from Pittsfield Township, hence-
forth collectively referred to as the "airport par-
cel". The airport parcel is an irregularly shaped
piece of land consisting of 700 acres, only 330 feet
of which is physically connected with a city bound-
ary.[1] On January 13, 1977, Pittsfield Township
commenced a proceeding in the lower court to
have the annexation declared null and void.

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] *See* Appendix A.

On February 2, 1977, an Ann Arbor City Council resolution annexed a parcel of land known as the Eisenhower Parkway, which was also a part of Pittsfield Township.[2] This parcel, which lies between Stone School Road on the west and Packard Road on the east, consists of a roadway with two westbound lanes and two eastbound lanes separated by a median. Plaintiff also requested that the court void this annexation.

Plaintiff and defendant each brought a motion for summary judgment pursuant to GCR 1963, 117.2(3) for the reason that there was no genuine issue of material fact. In addition, plaintiff moved for summary judgment under GCR 1963, 117.2(2) on the ground that the defendant had failed to state a valid defense to the claim asserted against it.

The trial court refused to decide the question of whether or not the airport parcel was used as a park, saying that there were both recreational and commercial usages of the property. The trial court did find that the attempted annexation of the airport property was not legal because it created an enclave of township property that was politically deadlocked, the creation of which amounted to gerrymandering. The trial court also found that the boundary of the attempted airport annexation was not a reasonable configuration, and was not proportionately adjacent or contiguous to the city, and so could not properly be annexed by resolution.

The trial court found that the parkway was not a park nor was it vacant property, and that its annexation would also create an illegal township enclave within city boundaries. Having made these findings, the trial court granted the plaintiff's

[2] *See* Appendix B.

motion for summary judgment, thereby voiding the attempted annexation of these two properties.

MCL 117.9(8); MSA 5.2088(8) provides the procedure for an annexation by resolution when certain conditions are met:

"(8) Where the territory proposed to be annexed to any city is adjacent to the city and consists of a park or vacant property located in a township and owned by the city annexing the same, and there is no one residing thereon, such territory may be annexed to the city solely by resolution of the city council of the city * * * ."

The defendant city argues that the terms of the statute, with which it has complied, are exclusive. We disagree. Michigan appellate courts have traditionally held that additional factors to be considered by trial courts in annexation cases include contiguity, gerrymandering, and reasonable compactness of boundaries. *Saginaw v Saginaw County Board of Supervisors,* 1 Mich App 65; 134 NW2d 378 (1965), *Owosso Twp v Owosso,* 25 Mich App 460; 181 NW2d 541 (1970), *aff'd,* 385 Mich 587; 189 NW2d 421 (1971). The judiciary must apply the test of reason to insure compliance with legislative intent. *Owosso Twp, supra,* 25 Mich App at 467.

We conclude that the trial court in the case at bar acted properly when it examined the proposed annexations to determine whether they were reasonably contiguous with the city and whether they created illegal enclaves.

An enclave is defined as a tract of territory enclosed within a foreign territory.[3] In *Genesee Twp v Genesee County,* 369 Mich 592, 603; 120 NW2d 759 (1963), the Supreme Court quoted ex-

---

[3] *Saginaw v Saginaw County Board of Supervisors,* 1 Mich App 65, 70 (1965).

tensively from 37 Am Jur, *Municipal Corporations,*
§ 27, and included the following observation:

> "When contiguity is required by statute, the at-
> tempted consolidation of 2 municipalities which are
> contiguous at 2 points with an intervening space be-
> tween is unlawful, since it would leave a tract of
> territory within but not part of the consolidated munici-
> pality."

This has been taken as an invalidation of enclaves
created by annexation. *Saginaw v Saginaw County
Board of Supervisors, supra.*

The trial court found that the proposed airport
annexation would create a triangular enclave of
township surrounded by city territory. There was,
thus, no error in the grant of summary judgment
to the plaintiff on the proposed airport annexation.

We note that there is no evidence of improper
gerrymandering in the city's actions. As we said in
*Grand Haven Twp v Grand Haven (On Remand),*
38 Mich App 122; 196 NW2d 3 (1972), the irregu-
lar boundaries of a proposed annexation can be
explained by the fact that the city bought the
property involved parcel by parcel as it became
available on the public market.

The defendant City of Ann Arbor claims that it
should be allowed to annex Eisenhower Parkway,
which it owns in fee, according to the terms of
MCL 117.9(8); MSA 5.2088(8), because it is "vacant
property". But the fact that no one does or can
reside on the property does not render it vacant.
According to the terms of the statute:

> "(8) Where the territory proposed to be annexed to
> any city is adjacent to the city and consists of a park or
> *vacant property* located in a township and owned by the
> city annexing the same, *and there is no one residing
> thereon,* such territory may be annexed to the city
> solely by resolution of the city council of the city
> * * * ." (Emphasis added).

In construing the words of a statute, effect must be given to each part of a sentence, so as not to render any other part nugatory. *Melia v Employment Security Comm,* 346 Mich 544, 562; 78 NW2d 273 (1956). If we said that vacant land is the same as land upon which no one resides, we would render part of the sentence in the statute redundant. According to MCL 8.3a; MSA 2.212(1), words are to be construed according to their common and approved usage. Webster's New Collegiate Dictionary (1974 ed), p 1290, defines vacant land as that which is not put to use.

The statute requires that the land to be annexed must (a) be owned by the city and (b) consist of (1) a park or (2) land which is not resided upon and which is not being utilized for any beneficial purpose. However, the Eisenhower Parkway is in constant use as a road, and has not been abandoned. Therefore, it is not "vacant property" for purpose of the statute, and the trial court did not err in voiding the annexation.

Further, annexation of the roadway would result in the creation of an enclave of township property resided in by over 100 persons. The creation of an enclave is not permitted by Michigan courts, as we have discussed earlier.

The defendant city argues further that the plaintiff's motion for summary judgment was fatally defective because it contained some facts of which the affiant had no personal knowledge, in contradiction of the rule in *Jones v Shek,* 48 Mich App 530; 210 NW2d 808 (1973), and GCR 1963, 117.3, 116.4. However, we find that the other portions of the affidavit, of which the affiant did have personal knowledge, were legally sufficient to support the trial court's decision.

Affirmed.

.COLOR KEY:     City of Ann Arbor

                Pittsfield Township

                Enclave

                Proposed Annexation

                    APPENDIX A

COLOR KEY:  City of Ann Arbor

Pittsfield Township

Proposed Annexation

Enclave

APPENDIX B