RUTLAND TOWNSHIP v CITY OF HASTINGS

Docket No. 66759. Decided June 28, 1982. On application by the
plaintiff for leave to appeal, the Supreme Court, in lieu of
granting leave to appeal, reversed the judgments of the Court
of Appeals and the circuit court and remanded the case to the
circuit court. Rehearing denied 414 Mich 1109.

Rutland Township brought an action against the City of Hastings
and owners of certain property annexed by the city without
seeking approval of the township or the State Boundary Com-
mission, seeking a declaration that the annexation was void
and a permanent injunction against annexation.

Two months before the city's annexation effort, the township
had petitioned the State Boundary Commission for approval of
annexation of a much larger parcel of property by the city than
the property subsequently annexed. The township never in-
tended that the larger parcel would be annexed to the city;
rather, it believed that the proposed annexation would be
rejected by the commission or defeated at an election. An
attempt by the city to annex a smaller portion of the area
included in the township's petition would then be blocked by
the provision of the statute requiring rejection of a petition for
annexation which included any territory which had been in-
cluded in a petition filed within the preceding two years and
denied by the commission or defeated by the voters.

The city, in order to avoid seeking approval of the township
or the commission, entered into an agreement with the owners
of the subject property to have it conveyed to the city so that it
could be annexed as vacant city-owned property. The agree-
ment provided that after the annexation was completed the
property would be reconveyed to the original owners.

The Barry Circuit Court, Donald T. Anderson, J., denied
relief on the ground that the conduct of the township in
seeking to block the annexation was contrary to the intent of
the Legislature, and it had not come into court with clean
hands. The Court of Appeals, R. B. Burns, P.J., and R. M.
Maher and Kallman, JJ., affirmed in a memorandum opinion
(Docket No. 49039). The township seeks leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held:*

The action of the township, even if taken with an improper motive, was not so contrary to the intent of the Legislature in enacting procedures for annexation of territory by a home-rule city as to justify a denial of relief to which the township was otherwise entitled.

1. The action of the city was an improper attempt to take advantage of the annexation provision and did not make the city the owner of the property for the purposes of the statute. The city's sole purpose in acquiring title to the property was to accomplish annexation, a mere subterfuge to avoid the statutory safeguards by taking an advantage of a narrow exception.

2. The conduct of the township, while improper, did not have the effect of preventing the city from having its proposed annexation considered by the State Boundary Commission. The city could have submitted its proposal to the commission as an alternative during the hearings on the township's petition. The commission then could have considered both proposals, approved one or the other, rejected both, or approved some modified proposal.

Reversed and remanded.

*Bauckham, Reed, Lang, Schaefer & Travis, P.C.* (by *Richard L. Lang*), for plaintiff.

*Siegel, Hudson, Gee, Shaw & Fisher* (by *Richard J. Hudson* and *Richard H. Shaw*) for defendants.

PER CURIAM. This is an action brought by the Township of Rutland, Barry County. It sought a declaration that a purported annexation of a 40-acre parcel of land within the township by the City of Hastings was void and asked for a permanent injunction against annexation. The circuit court concluded that both the city and the township had improperly used technicalities in the annexation statutes in a manner contrary to the intent of the Legislature. The circuit judge denied equitable relief on the ground that the township had not come into court with "clean hands". The Court of Appeals affirmed, and the township has filed an application for leave to appeal to this

Court. We conclude that the city was not the "owner" of the parcel for the purposes of applying MCL 117.9(8); MSA 5.2088(8),[1] and that the conduct of the township in seeking to block the annexation was not so contrary to legislative policy as to justify denying relief to which it was otherwise entitled.

I

The parcel in question lies along the western boundary of the City of Hastings and consists of vacant[2] land. Before the events relevant to this action occurred, the property was owned by the private defendants. On August 14, 1978, they conveyed the property to the city. On the same date, the city gave them an option to repurchase the property and adopted a resolution annexing the parcel. Two days later, the former owners exercised the option and repurchased the property from the city.

It was later discovered that the description of the property that was subject to the August 14 and 16 transactions included property on which several buildings stood. Thus, the requirement of MCL 117.9(8); MSA 5.2088(8) that the land be "vacant" would not be met. The city repeated the transaction in September. On September 11, 1978, the

---

[1] "Where the territory proposed to be annexed to any city is adjacent to the city and consists of a park or vacant property located in a township and owned by the city annexing the same, and there is no one residing thereon, such territory may be annexed to the city solely by resolution of the city council of the city".

[2] Whether the land was "vacant" was contested at trial. There were apparently certain below-ground drainage structures and improvements on the property, and the southern boundary of the parcel had been "gerrymandered" to exclude land that was clearly not vacant. The circuit judge found that the parcel subject to annexation was "vacant" within the meaning of the statute.

private defendants conveyed the property to the city, which in turn granted an option and annexed the revised parcel. On September 12, the city reconveyed the property to the other defendants.

The city does not deny that the sole purpose of its purchase of the parcel was to permit annexation of the parcel without seeking the approval of the township or the State Boundary Commission.

Approximately two months before the city's first annexation effort, the township[3] had filed a petition with the State Boundary Commission asking that the commission approve the annexation to the City of Hastings of a much larger parcel, including the 40 acres in question here. The township supervisor testified that it was never the township's intention that the land be annexed to the city. Rather, the purpose of the filing of this petition was to "block" annexation of the smaller parcel by the city through the operation of MCL 117.9(6); MSA 5.2088(6):

"The commission shall reject a petition or resolution for annexation of territory which includes all or any part of the territory which was described in any petition or resolution for annexation filed within the preceding 2 years and which was denied by the commission or was defeated in an election pursuant to subsection (5)."[4]

---

[3] There is some doubt as to whether it was actually the township, as opposed to a number of township residents (who were also township officials) who actually filed the petition. However, the stipulation of facts by the parties said that the township had filed the petition, and the circuit judge specifically found that all of the stipulations were true.

[4] Presumably, the township's plan was that the State Boundary Commission would reject the proposed annexation as unreasonable under the statutory standards. See MCL 123.1009; MSA 5.2242(9). However, even if the petition were approved by the commission, the land described was such that an election would have been required by

As to this issue, the circuit judge said:

"This court does not condone either the action of the township in its abuse of the letter of the law to secure an end not intended by the Legislature, nor the action of the city in its abuse of the deed-annexation-option-reconveyance method, even though both are technically proper under the law. It ill behooves the township to shout 'subterfuge' under these circumstances. I find that there was legally correct action but intentional abuse of the statute by both parties, that the wrongdoing went directly to the transaction involved and not a collateral matter, that public policy does not require a remedy to be afforded despite the wrongdoing, that the wrongdoing of the township seriously injured the city in presenting a good faith question of annexation to the boundary commission so that it was necessary to resort to the steps to which it resorted, and that the township is injured by loss of assessed valuation. I find that there is no way that either party can purge itself of the wrongdoing.

"After considering the above, it appears that both parties have unclean hands, and it is not up to this court to attempt to balance the equities, and this court should refuse relief to either party."

The Court of Appeals affirmed in an unpublished memorandum decision that did not discuss the substance of this issue.

## II

We agree with the circuit judge that the action of the city was an improper attempt to take advantage of the statutory provision and did not make the city the "owner" of the land for the purposes of MCL 117.9(8); MSA 5.2088(8). Certainly, the mere fact that property owned by a city is subject

MCL 117.9(5); MSA 5.2088(5). The township was confident that the residents of the affected area would defeat the annexation in an election.

to an option to purchase does not in itself defeat the claim that the city is the owner of the property for the purpose of this statute. See *Oshtemo Twp v Kalamazoo,* 77 Mich App 33; 257 NW2d 260 (1977). However, here the city acquired the property from the private owners and gave the option on the same day. It completed the annexation and reconveyed the property to the private parties within a day or two of the first transaction. Further, the whole process was repeated the following month to cure a defect in the transaction. It is undisputed that the sole purpose of the city's acquiring title was to accomplish this annexation. In these circumstances, we can only conclude that the city's purported "ownership" was a mere subterfuge to avoid the safeguards found in the annexation statutes by taking advantage of what is meant to be a narrow exception for vacant city-owned property.

## III

However, we do not agree with the circuit judge's conclusion that the conduct of the township barred it from being granted relief from the improper acts by the city. The township's filing of the petition with the State Boundary Commission did not have the effect of preventing the city from having its proposed annexation considered. The city could simply have submitted its proposal to the commission as an alternative during the hearings on the township's petition. The commission then would have considered both proposals, and could have approved one or the other, rejected both, or approved some modified proposal.[5] Thus, we conclude that even if the action of the town-

---

[5] As we explained in *Midland Twp v State Boundary Comm,* 401 Mich 641, 677; 259 NW2d 326 (1977), the boundary commission is not limited to the options of approving or disapproving a petition as filed.

ship was taken with an improper motive,[6] the filing of that petition did not prevent the city from submitting its annexation proposal to the State Boundary Commission.

Accordingly, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the judgments of the Court of Appeals and the Barry Circuit Court and remand the case to the circuit court for entry of a judgment invalidating the purported annexation of the parcel.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

---

[6] See *Midland Twp v State Boundary Comm,* 401 Mich 679:

"The motive or purpose of the city or township in drawing the proposed boundaries or in requesting a revision of boundaries is not material. The question is not one of motive or purpose, but whether the boundaries as drawn or revised and the annexation are reasonable. The reasonableness of the boundaries as originally proposed or as revised by the commission and of the proposed annexation does not depend on whether they were drawn or appear to have been drawn to require or preclude a referendum."