# STATE OF MICHIGAN

# COURT OF APPEALS

TOWNSHIP OF LOCKPORT,

Plaintiff-Appellant,

v

CITY OF THREE RIVERS,

Defendant-Appellee.

PUBLISHED
May 9, 2017
9:10 a.m.

No. 331711
Saint Joseph Circuit Court
LC No. 16-000104-CZ

Before: WILDER, P.J., and BOONSTRA and O'BRIEN, JJ.

O'BRIEN, J.

The Township of Lockport ("the Township") appeals as of right the trial court's order granting summary disposition in favor of the City of Three Rivers ("the City"). We reverse.

This case arises out of the City's attempt to annex approximately 80 acres of real property from the Township. In 2006, the private owners of the land at issue and the Township executed a "Grant of Easement," which granted the Township a 20-foot easement over the land for the installation a water transmission line. A water transmission line was installed shortly thereafter. Approximately ten years later, on February 1, 2016, the City purchased the land at issue from the private owners, intending to develop a recreation facility. On the day following the purchase, February 2, 2016, the City's Commission approved a resolution to annex the land at issue. In response, the Township filed this lawsuit on February 3, 2016, seeking, ultimately, to prevent the annexation. A temporary restraining order was entered, and proceedings continued from there. A hearing on the Township's motion for preliminary injunction was held on February 17, 2016, and, after hearing the parties' arguments and reviewing the parties' filings, the trial court denied the Township's motion for preliminary injunction and granted the City's motion for summary disposition. Its decision was based, primarily, on its conclusion that the Township's lawsuit could not succeed on its merits because the land at issue was "vacant" for purposes of MCL 117.9(8). An order reflecting its decision was entered on that date. The Township appealed, arguing that the land is not "vacant" under MCL 117.9(8). We agree.

Appellate courts review a trial court's decision on a motion for summary disposition de novo. *Bernardoni v Saginaw*, 499 Mich 470, 472; 886 NW2d 109 (2016). "A motion for summary disposition made under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Id*. Summary disposition pursuant to MCR 2.116(C)(10) is appropriate when, "[e]xcept for the amount of damages, there is no genuine issue as to any material fact, and the

-1-

moving party is entitled to judgment or partial judgment as a matter of law." "In deciding a motion under subrule (C)(10), the trial court views affidavits and other documentary evidence in the light most favorable to the nonmoving party." *Chandler v Dowell Schlumberger Inc*, 456 Mich 395, 397; 572 NW2d 210 (1998).

In this case, the trial court granted the City's motion for summary disposition based on its interpretation and application of the Home Rule City Act ("the HRCA"), MCL 117.1 *et seq*. A trial court's interpretation and application of a statutory provision is reviewed de novo on appeal. *Yono v Dep't of Transp*, 499 Mich 636, 645; 885 NW2d 445 (2016). "When interpreting a statute, [the] foremost rule of construction is to discern and give effect to the Legislature's intent. Because the language chosen is the most reliable indicator of that intent, [appellate courts] enforce clear and unambiguous statutory language as written, giving effect to every word, phrase, and clause." *Wyandotte Electric Supply Co v Electrical Tech Sys, Inc*, 499 Mich 127, 137; 881 NW2d 95 (2016). If the statutory provision at issue is clear and unambiguous, it must be enforced as written, and no judicial construction is permitted or required. *Bank of America, NA v First American Title Ins Co*, 499 Mich 74, 85; 878 NW2d 816 (2016).

Specifically, the trial court interpreted and applied MCL 117.9(8), which provides, in relevant part, as follows:

> Where the territory proposed to be annexed to any city is adjacent and consists of a park or vacant property located in a township and owned by the city annexing the territory, and there is no one residing in the territory, the territory may be annexed to the city solely by resolution of the city council of the city. . . .

Stated simply, this portion of MCL 117.9(8) "authorizes a city to annex certain vacant land that the city owns by enacting a resolution for annexation and requires no affirmative action on the part of the township." *Rudolph Steiner Sch of Ann Arbor v Ann Arbor Charter Twp*, 237 Mich App 721, 733; 605 NW2d 18 (1999). The issue before this Court in this case is whether the property at issue was "vacant" for purposes of MCL 117.9(8).

The term "vacant" is not defined in MCL 117.9(8) or the remainder of the HRCA with regard to that specific subsection. Nevertheless, this Court has previously interpreted and applied the term in several decisions, and each party in this case points to one of those decisions as being dispositive here. The Township points to *Charter Twp of Pittsfield v Ann Arbor*, 86 Mich App 229, 235; 274 NW2d 466 (1978) ("the *Ann Arbor* decision"), where this Court concluded that a parcel of land used constantly as a multi-lane road was not vacant for purposes of MCL 117.9(8). The City, on the other hand, points to *Charter Twp of Pittsfield v Saline*, 103 Mich App 99, 107-108; 302 NW2d 608 (1981) ("the *Saline* decision"), where this Court concluded that a parcel of land used seasonally for the production of crops and subject to leasing agreements was vacant for purposes of MCL 117.9(8). While neither decision is directly on point, or binding, MCR 7.215(J)(1), we are of the view that both support the Township's position in this case.

In the *Ann Arbor* decision, this Court, recognizing that the statutory language should be interpreted and applied "according to [its] common and approved usage," turned to the dictionary definition of "vacant" and defined "vacant land as that which is not put to use." 86 Mich App at

-2-

235. Applying that definition, this Court concluded that the parcel at issue was not vacant because it was "in constant use as a road." *Id*. Three years later, in the *Saline* decision, this Court expressed "agree[ment] with the . . . Court's use of an ordinary meaning test to determine the definition of vacant [in the *Ann Arbor* decision]." 103 Mich App at 107. Applying that ordinary-meaning test, this Court concluded that the parcel at issue was vacant because it was only seasonally used for the production of crops and subject to "farm leasing agreements" that could be terminated "in any case[.]"[1] In our view, both of these decisions correctly apply and interpret the statutory language at issue according to its plain and ordinary meaning, and we choose to do the same here.

The term "vacant," as it applies to real property, can still be defined the same way that it was in 1978—as real property that is "not put to use[.]" *Merriam-Webster's Collegiate Dictionary* (11th ed). Under the *Ann Arbor* decision, real property is not vacant when it is in constant use. Under the *Saline* decision, real property is vacant when it is only seasonally used and subject to a lease agreement that may be terminated at any time. In the instant matter, it is undisputed that the real property at issue is currently and constantly being used. The parties agree that there is, in fact, an underground water transmission line located on the land at issue. Like the road in the *Ann Arbor* decision, the waterline is "in constant use[.]" Therefore, the *Ann Arbor* decision best applies to the facts and circumstances of this case. Had the waterline been in "temporary, seasonal" use or subject to a lease that might be terminated at any time, the *Saline* decision would arguably apply. But, those are simply not the facts before us in this case.

On appeal, the City argues that, in the *Saline* decision, this Court implicitly rejected the interpretation and application of the term "vacant" that was used in the *Ann Arbor* decision. We disagree. While it is true that, in the *Saline* decision, this Court did "part company with [the earlier] panel's further holding that vacancy precludes use 'for any beneficial purposes,' " that distinction has no impact on the outcome of this case. 103 Mich App at 107. Whether MCL 117.9(8) requires that land "not be[] utilized for any beneficial purpose" in order to be vacant is of no relevance to us here because the real property at issue in this case was being "put to use[.]" 86 Mich App at 235. Consequently, it is not vacant for purposes of MCL 117.9(8).

On appeal, the City also relies on the fact that "the water line is 'buried' underground" to support its position. Its reliance in this regard is misplaced. MCL 117.9(8) refers to "property," and we are unable to find any authority to support the notion that "property" refers only to the above-ground portion of the land at issue.[2] The word "land" can be defined as "the solid part of

---

[1] Nearly a decade later, this Court was presented with a similar issue and expressly concluded that "agricultural" uses, alone, do not render property vacant for purposes of MCL 117.9(8). See *Wheatfield Twp v Williamston*, 184 Mich App 745, 746; 458 NW2d 670 (1990). Agricultural uses are simply distinguishable from the constant presence of the water transmission line at issue here.

[2] The term property is defined as "a piece of real estate," which is not particularly helpful under the facts and circumstances of this case. *Meriam-Webster's Collegiate Dictionary* (11th ed). However, it is apparent, in our view, that the Legislature's reference to "property" in this case is

-3-

the surface of the earth[,]" *Merriam-Webster's Collegiate Dictionary* (11th ed), or "an immovable and indestructible three-dimensional area consisting of a portion of the earth's surface, the space above and below the surface, and everything growing on or permanently affixed to it[,]" *Black's Law Dictionary* (10th ed). Using these definitions, it is, in our view, quite apparent that the term "property" as used in MCL 117.9(8) contemplates the space below the surface, which is precisely where the water transmission line is.[3]

The City's remaining arguments on appeal emphasize the fact that the water transmission line exists on only "a *de minimus* portion of the" land at issue and the fact that the water transmission line exists only due to "a 'non-exclusive' underground . . . easement[.]" In our view, these facts have little, if any, impact on our analysis. First, MCL 117.9(8) requires vacancy, not partial vacancy. Had the Legislature intended to require partial vacancy or otherwise exclude *de minimus* uses, it certainly could have expressed such an intent in the statutory language. It did not. Second, while the City is correct in asserting that the easement is non-exclusive, the City's position fails to acknowledge the fact that the easement is also *permanent*.[4] Had the easement been non-exclusive and temporary, the *Saline* decision described above would arguably be directly on point. But, as indicated above, it is not. These arguments are therefore unpersuasive.

Accordingly, because the trial court erred in interpreting and applying the term "vacant" as used in MCL 117.9(8), we reverse its order granting summary disposition in favor of the City and remand this matter for the entry of an order granting summary disposition in favor of the Township pursuant to MCR 2.116(I)(2).[5]

---

a reference to "real property," which can be defined as "[l]and and anything growing on, attached to, or erected on it, excluding anything that may be severed without injury to the land[.]" *Black's Law Dictionary* (10th ed). Consequently, we turn to the definition of "land" to determine the Legislature's intent in this regard.

[3] We also reject any notion that our Supreme Court's decision in *Rutland Twp v Hastings*, 413 Mich 560; 321 NW2d 647 (1982), stands for the proposition that underground structures are irrelevant when determining whether land is "vacant" for purposes of MCL 117.9(8). While it is true that the Supreme Court referred to the land at issue as "vacant land," it expressly noted that it was doing so based on the fact that "[t]he circuit judge found that the parcel subject to annexation was 'vacant' within the meaning of the statute" at trial. *Id*. at 562 n 2. In our view, that brief reference to the land as vacant does not suggest that the Supreme Court held, as a matter of law, that land with only underground structures is "vacant" under MCL 117.9(8).

[4] The easement agreement expressly "grant[ed] and convey[ed] to the [Township], its successors and assigns, a *permanent*, non-exclusive easement and right away in which to construct, operate, remove, inspect, repair, maintain and replace, a water transmission line, in, over, across, and through 'the property[.]' "

[5] Because the Township is entitled to judgment in its favor as a matter of law, we need not address whether the trial court erred in denying the Township's motion for preliminary injunction based on the likelihood of the Township's claim succeeding on its merits. Nevertheless, the resolution of that issue is likely apparent in light of our conclusion above.

Reversed and remanded.  We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Kurtis T. Wilder
/s/ Mark T. Boonstra