TOWNSHIP OF GENESEE *v.* GENESEE COUNTY.

SAME *v.* GENESEE COUNTY BOARD OF CANVASSERS.

1. MUNICIPAL CORPORATIONS—CITY OF LESS THAN 15,000—ANNEXATION.

The special provision for attachment to or detachment of territory from a home-rule city having a population of 15,000 or less permitting such action by majority vote of the electors voting on the question in the city and in the portion of the territory to be attached or detached is applicable only when there are electors in the territory to be annexed (CLS 1956, § 117.9).

2. SAME—ANNEXATION—NO ELECTORS IN AREA.

The question of annexation of territory to a home-rule city when there are no electors in the area to be annexed requires the approval of the matter by a majority of the collective vote in the city and the township from which the territory is to be detached (CLS 1956, § 117.9).

3. SAME—ANNEXATION OF UNPOPULATED AREA—RESOLUTION—ELECTIONS—MANDAMUS—CANVASS OF VOTES.

Resolution of the board of supervisors relative to annexation of unpopulated territory to a home-rule city, which failed to

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3]  37 Am Jur, Municipal Corporations §§ 23–39.
[2]  37 Am Jur, Municipal Corporations §§ 23–34.
[4, 5, 6]  37 Am Jur, Municipal Corporations § 27.
[7]  14 Am Jur, Costs § 91.

provide for submission of the question to the electors of the township from which the territory was to be detached, was not in compliance with the statute by reason of such omission, a defect which was not corrected by an election initiated by the unauthorized action of the township board, hence, application for mandamus to compel the county board of canvassers to canvass the township vote was properly denied (CLS 1956, § 117.9).

4. SAME—CONTIGUITY—RAILROAD RIGHT-OF-WAY.
   Township territory sought to be annexed to home-rule city, which was connected therewith by railroad right-of-way approximately 1/2 mile long and 150′ wide but not shown to have been usable for purposes of public travel or the transmission of utility services, or otherwise subject to such measure of control as would render it adaptable to ordinary municipal purposes *held,* not contiguous (CLS 1956, § 117.9).

5. SAME—ANNEXATION—CONTIGUITY.
   Territory sought to be annexed to a home-rule city is limited to that which is contiguous to such city in the absence of statutory provision authorizing annexation of noncontiguous territory, especially where the matter is left to the discretion of a judicial tribunal, as a municipal corporation, by legal, as well as popular, concept, embraces oneness, community, locality, vicinity, a collective body collected or gathered together in 1 mass and not separated into distinct masses; compactness or contiguity, not separation or segregation (CLS 1956, § 117.9).

6. SAME—ANNEXATION—CONTIGUITY.
   The addition of a noncontiguous parcel to an existing home-rule city is not permissible as no statute has authorized it.

7. COSTS—PUBLIC QUESTIONS—ANNEXATION ELECTIONS.
   No costs are allowed on appeals from order denying mandamus to compel county board of canvassers to canvass the vote of an unauthorized township election together with an appeal from decree dismissing bill to enjoin the holding of an annexation election and for declaration of rights, public questions being involved (CLS 1956, § 117.9).

Appeal from Genesee; Roth (Stephen J.), Parker (Donn D.), McGregor (Louis D.), and Baker (John W.), JJ. en banc. Submitted March 8, 1963 . (Calendar Nos. 87, 88, Docket Nos. 49,737, 49,943.) Decided April 5, 1963.

Bill of complaint by Township of Genesee, a municipal corporation, against Genesee County, a municipal corporation, the City of Mt. Morris, a municipal corporation, and certain of their officials to enjoin holding of an election upon annexation propositions and for declaration of rights in respect to validity of annexation proposals. Bill dismissed. Plaintiff appeals.

Mandamus by Township of Genesee, a municipal corporation, against the Genesee County Board of Canvassers, and the Genesee County Clerk, to direct canvassing of additional votes taken in an annexation proposal and to direct redetermination of result of election. City of Mt. Morris, a municipal corporation, intervened as party defendant. Writ denied. Plaintiff granted leave to appeal with cause to be heard with chancery appeal.

Denial of writ of mandamus affirmed. Chancery action reversed and remanded for entry of decree holding annexation election was invalid and a nullity.

*Neithercut & Neithercut* and *M. Bushnell Trembley,* for plaintiff.

*Dilley & Dilley* (*Albert R. Dilley,* of counsel) and *Evans & Evans* (*William R. Evans,* of counsel), for defendants City of Mt. Morris and Mt. Morris City Clerk.

*John G. David,* for defendants Genesee County Board of Supervisors, Genesee County Board of Canvassers, and Genesee County Clerk.

Carr, C. J. This case involves proceedings by which it was sought to annex to the city of Mt. Morris in Genesee county 3 areas located in plaintiff town-

ship.  Separate petitions were filed with the board
of supervisors, each describing 1 of the areas in-
volved.  One, designated as the "Lewis Road" peti-
tion, described land contiguous to the city of Mt.
Morris within the boundaries of which electors re-
sided.  Said petition contained 305 signatures of
persons residing in Mt. Morris and 52 signatures
of residents of the township, as found by the legisla-
tive committee of the board of supervisors.  The
second petition covered an area referred to as
"Orchard Hills", within which there were resident
electors.  The petition bore the same number of
signatures as did the Lewis Road petition.  The
petitions were found to comply with section 6 (CLS
1956, § 117.6, as amended by PA 1957, No 210 [Stat
Ann 1961 Cum Supp § 5.2085]) of the city home-rule
act*, and submission to a vote of the electors of the
city of Mt. Morris and of the respective areas pro-
posed to be annexed was ordered, the date of the
special election therefor being fixed as February
27, 1962.  On such submission annexation was re-
jected by the electors residing in the areas proposed
to be annexed.  In consequence of such results we
are not concerned in this litigation with the Lewis
Road and Orchard Hills projects.

A third petition, designating the lands included
therein as "Morris Hills", was also considered by the
board of supervisors and found sufficient.  There
were no electors residing in the area proposed to be
detached from the township.  The resolution, how-
ever, followed the form of the action taken on the
other 2 petitions and provided for the submission
of the question of annexation "to the qualified elec-
tors of the city of Mt. Morris and that portion of the
township of Genesee proposed to be annexed."  Said

* PA 1909, No 279, as amended (CL 1948, § 117.1 *et seq.*, as
amended [Stat Ann 1949 Rev and Stat Ann 1961 Cum Supp § 5.2071
*et seq.*]).

petition contained the same number of signatures as did each of the other petitions above mentioned, and directed the election to be held on February 27, 1962. The defendant county clerk, apparently acting in accordance with the resolution of the board of supervisors, declined to prepare election materials and supplies for the use of the electors of Genesee township, taking the position that, there being no electors in the district proposed to be annexed to the city, submission should be made to the electors of Mt. Morris only.

Plaintiff township instituted the present litigation on January 4, 1962, seeking injunctive relief against the holding of the election and a declaratory judgment on certain legal issues raised involving the sufficiency of the petitions, the right to annex the territory designated as "Morris Hills" on the alleged ground that it was not contiguous to the city, and also presenting the issue as to whether the electors of the entire township were under the circumstances entitled to vote on the proposition. A decree was entered dismissing the bill of complaint and an application for a rehearing was denied. From such action plaintiff appealed to this Court.

Because of the refusal of the county clerk to cause ballots to be printed and distributed to the voting precincts in Genesee township and in reliance on the claim that the electors of said township were entitled to vote on the annexation of the Morris Hills area, the election board and the clerk of the township prepared and distributed such ballots, and notice of the election was posted and published. Following the election on February 27, 1962, the defendant county board of canvassers determined that the annexation proposal as to Morris Hills had carried within the city by a vote of 634 to 102. Said vote was certified by the board. It was further determined that the electors in Genesee township had cast

207 votes in favor of annexation and 3,036 against the proposition. Such vote, however, was not officially canvassed. On refusal to take such action plaintiff instituted a proceeding in mandamus to compel the board to certify the township vote. The city of Mt. Morris intervened as a party defendant. Following a hearing the circuit court denied the petition by order entered March 26, 1962. Thereupon plaintiff sought leave to appeal from said order and leave was granted by this Court, it being provided that the appeal in the mandamus action should be submitted with the appeal in the equity case.

It is conceded that the population of the city of Mt. Morris was less than 15,000. The bill of complaint filed on behalf of the township alleged that, according to the census of 1960, the population of the city was 3,484 and that of the township 21,011. The answer filed on behalf of the city and its clerk admitted the correctness of the statement in plaintiff's pleading. The claim of the defendants that the electors in plaintiff township were not entitled to vote on the annexation of the Morris Hills area rests on a provision in section 9 (CLS 1956, § 117.9 [Stat Ann 1961 Cum Supp § 5.2088]) of the home-rule act, relating to annexations to cities of less than 15,000, that only city electors and electors living in the area sought to be annexed to the city were entitled to vote. It is argued that in case there are no such electors in such area the question is to be determined by a vote of the electors residing within the city. On behalf of plaintiff it is contended that other provisions of the section are controlling, under the circumstances presented, with reference to the issue. Said section 9, insofar as material here, reads as follows:

"The district to be affected by every such proposed incorporation, consolidation or change of boundaries

shall be deemed to include the whole of each city, village or township from which territory is to be taken or to which territory is to be annexed: Provided, however, That when a territory is proposed to be incorporated as a city only the residents of the territory to be incorporated shall vote on the question of incorporation: Provided further, That when a petition signed by the State by the appropriate agency designated by the State administrative board which holds the record legal title to the entire area of the land in the territory adjacent to the city to be annexed, is filed with the governing body of said city and with the township board of the township in which such territory is situated, such annexation may be accomplished by the affirmative majority vote of the governing body of such city and the approval of the township board of such township. Any proposed consolidations or changes of boundaries shall be submitted to the qualified electors of the city, and to the qualified electors of the city, village or township from which the territory to be taken is located, and at the election when said question is voted upon, the city, village or township shall conduct the election in such manner as to keep the votes of the qualified electors in the territory proposed to be annexed or detached in a separate box from the one containing the votes from the remaining portions of such city, village or township: Provided, however, That territory may be attached or detached to or from cities having a population of 15,000 or less if a majority of the electors voting on the question in the city to or from which territory is to be attached or detached, and a majority of the electors from that portion of the territory to be attached or detached, as the case may be, both vote in favor of such proposition. If the returns of said election shall show a majority of the votes cast in the district to be annexed, voting separately, to be in favor of the proposed change of boundary, and if a majority of the electors voting in the remainder of the district to be affected as herein defined, voting col-

lectively, are in favor of the proposed change of boundary, then such territory shall become a part of the corporate territory of the city or shall be detached therefrom, as the case may be. If no qualified electors reside in the territory proposed to be annexed or detached at the time of filing said petition with the clerk of the board of supervisors, as provided in section 8 of this act, and if a majority of the electors voting in the district to be affected as herein defined, voting collectively, are in favor of the proposed change of boundaries, then such territory shall become a part of the corporate territory of the city or shall be detached therefrom, as the case may be."

It will be noted that the provision on which defendants rely contemplates submission to electors of the city to which the annexation is sought, and also to electors residing in the area to be annexed. In the instant case the latter requirement cannot be observed for the reason indicated. Had it been the intention of the legislature to permit the question to be determined in accordance with defendants' claim, we think it must be assumed that specific provision to that end would have been made. The provision of the section relied on by defendants must be interpreted in accordance with its specific language. In other words, it is applicable solely when there are electors in the area sought to be annexed to a city of less than 15,000. Such interpretation of the clause in question is in accord with the concluding sentence of the excerpt above quoted from section 9. The logical interpretation of said sentence is that, as clearly expressed, if there are no electors in the area sought to be annexed to the city the question must be submitted to and determined by the vote of electors in the district affected, namely, the city and the township, *voting collectively.* The reference to collective voting is significant. Had the legisla-

ture intended submission to a vote of city electors only, presumably such action would have been directed.

The interpretation above indicated is in harmony with the opinion of this Court in *Williams* v. *County of Bay*, 367 Mich 406, where it was said, following reference to the provision with reference to annexations to cities of less than 15,000 population (p 411):

"The exception is in the case of an area to be annexed which has no qualified electors residing therein, in which situation, under 1 of the provisions of section 9 of the act, the question is submitted to the qualified electors of the district to be affected, namely the city and the township, who vote collectively thereon, a majority voting collectively in favor thereof accomplishing the annexation."

In the case at bar the electors of plaintiff township were entitled to vote on the question of the annexation of the Morris Hills area to the city of Mt. Morris. The resolution of the board of supervisors should have so provided. Not having done so, it was not in compliance with the statute. This raises the question whether the vote in the township, taken at the initiative of the township board and township clerk, should have been canvassed by the county board of canvassers. Attention is called to the fact that the resolution provided for submission in accordance with the statute, but such formal direction obviously had reference to the procedure to be followed and cannot be given the effect of overruling the express direction that submission should be to the voters of the city of Mt. Morris and of the area proposed to be annexed. It is obvious that the legal incidents prescribed by the home-rule act were not observed. The township election was not authorized by the board of supervisors, and the township board was not empowered under the law to supply the

omission. The denial of the application for writ of mandamus was correct and must be affirmed. It may be noted that a contrary determination on this issue would not affect the practical situation in the instant case but would, on the contrary, lead to the conclusion that the annexation of Morris Hills to the city was defeated.

The further question is raised in the case as to whether the Morris Hills area could properly be annexed to the city of Mt. Morris because of its physical location. Such location is indicated by a drawing prepared by a registered civil engineer and attached to the bill of complaint. As appears therefrom the main area involved was approximately 1/2 mile from the boundary line of the city. The description of the territory includes a section of the right-of-way of the Chesapeake & Ohio railroad which extends from the main area involved to the city of Mt. Morris, a right-of-way said to be 150 feet in width or approximately such. A conclusion that the territory sought to be annexed is contiguous to the city of Mt. Morris necessarily rests on the theory that such right-of-way furnishes a proper connecting link. On behalf of defendants it is claimed that such question should be answered in the affirmative. On behalf of plaintiff emphasis is placed on the fact that the right-of-way affords no practical connection between the city and the area actually sought to be made a part thereof. No claim is made that the right-of-way could be used for purposes of travel or the transmission of utility services, or otherwise as subject to such measure of control as would render it adaptable to ordinary municipal purposes. Under the situation indicated by the exhibit referred to we are impressed that the Morris Hills area is not contiguous to the city of Mt. Morris.

This brings us to the further question whether the statute governing the matter of annexations to

cities limits such right to lands contiguous to the city. While the matter is not fully covered by any specific provision of the act to that effect, we think that in the light of the purpose sought to be served and the practical aspects of annexation the question must be answered in the affirmative. A city composed of separate areas, having no connection other than over areas constituting a part of another political unit or municipal corporation, is inconsistent with the purposes that local governments are created to serve. Assuming that it is within the power of the legislature to permit the annexation to a city of nonadjacent or noncontiguous lands, we find nothing in the statute indicating an intention to grant such authority. As a practical proposition any such power should be clearly expressed, and doubtless would be subject to prescribed limitations with reference to proximity, accessibility, and other pertinent factors. It is somewhat significant that in section 9 of the home-rule act, above quoted in part, in the provision with reference to annexation to a city of lands title to which is held by a State agency it is required that such legal title shall extend "to the entire area of the land in the territory adjacent to the city to be annexed".

The general situation with reference to the matter at issue is summarized in 37 Am Jur, Municipal Corporations § 27, pp 644, 645, as follows:

"The annexation of outlying territory to a municipality is commonly conditioned by the statute authorizing the proceeding on the situation of the territory to be annexed, it being required to be adjacent or contiguous to the municipality. Under such statutes if the territory sought to be annexed is not contiguous to the municipality, the proceedings are without legal effect. While the legislature has the power, in the absence of constitutional restraint, to provide for the annexation of outlying territory or

combining of 2 municipalities without regard to the distance between them, absorbing the intervening space into the corporation, there are obvious objections to the annexation of land to a municipality which is not contiguous thereto, but is separated by land constituting some other territorial unit. The legal as well as the popular idea of a municipal corporation in this country, both by name and use, is that of oneness, community, locality, vicinity; a collective body, not several bodies; a collective body of inhabitants—that is, a body of people collected or gathered together in 1 mass, not separated into distinct masses, and having a community of interest because residents of the same place, not different places. So, as to territorial extent, the idea of a city is one of unity, not of plurality; of compactness or contiguity, not separation or segregation. Contiguity is generally required even in the absence of statutory requirement to that effect, and where the annexation is left in the discretion of a judicial tribunal, contiguity will be required as a matter of law. It has even been held that it is not within the power of the legislature by express statute to annex noncontiguous territory to a municipal corporation, and thus to create a single municipal corporation out of several detached parcels, because the idea of a municipal corporation is that of unity, and not plurality; and that a thing essentially single cannot by legislative fiat be given a plural existence. All suburban lands other than those directly contiguous to a city must be regarded as unplatted in annexation proceedings, whether an apparent attempt has been made to plat them or not. When contiguity is required by statute, the attempted consolidation of 2 municipalities which are contiguous at 2 points with an intervening space between is unlawful, since it would leave a tract of territory within but not part of the consolidated municipality. Territory is contiguous to a municipality, however, if it is separated from it only by a watercourse that is or may be spanned by a bridge. While the general rule is that

land cannot be annexed to a city or town unless it is contiguous thereto, it is not necessary that each and every tract of land sought to be annexed shall be contiguous to the municipality. If all of the tracts are contiguous to each other, and one of them is contiguous to or adjoins the municipality, that is sufficient."

The discussion in 62 CJS, Municipal Corporations, § 46, p 134 *et seq.*, is analogous in content to the above quotation from American Jurisprudence. See, also, *Mason* v. *City of Kansas City,* 103 Kan 275 (173 P 535), in which the question was discussed and the legal proposition recognized that lands annexed to a city must be contiguous thereto. However, the plaintiffs in the suit were denied the relief sought by them on the ground that their petition did not set up facts necessarily indicating that the rule was being violated in the assailed proceeding.

In *Ocean Beach Heights, Inc.,* v. *Brown-Crummer Investment Co.,* 302 US 614 (58 S Ct 385, 82 L ed 478), an unusual situation was involved. Certain electors residing in Dade county, Florida, on the west side of Biscayne bay, incorporated a town the name of which was subsequently changed to North Miami. Such municipality included approximately 16 square miles, 14 of which were on the west side of the bay with a population of 2,500, and 2 square miles on the east side with 12 inhabitants. Apparently the east side properties were more valuable than the west side. The 2 areas were separated by approximately 1/2 mile of water. In order to go from one part of the town to another it was necessary to pass through another municipality.

Bonds were issued on some of which a judgment was taken in the Federal district court for Southern Florida. Subsequently suit was brought against the municipality and certain of its officers, and an injunction sought to restrain interference with the

levy or collection of taxes on lands located on the east side of the bay. The relief sought was granted, and the circuit court of appeals affirmed on the ground that the town *de facto* included such lands. On appeal the supreme court of the United States reversed. In reaching such conclusion the court cited prior decisions by the State supreme court that there was no authority of law to combine detached tracts in a city or town. The decision in *Town of Enterprise* v. *State,* 29 Fla 128, 145 (10 So 740, 744, 745), was cited, and the following statement quoted therefrom (pp 615, 616):

" 'An attempt to incorporate 2 distinct detached tracts of land, as corporate territory under 1 government, is unauthorized and void.' "

It was held that there was neither a *de jure* nor a *de facto* municipal corporation containing the so-called east side lands, and the case was remanded to the circuit court of appeals with directions to dismiss the bill. Without discussing the question in further detail, we think the rule is well established that in the absence of express authority therefor a municipal corporation may not be created, under the Constitution and laws of this State, composed of areas that are not adjacent or contiguous and that, in consequence, the addition of a noncontiguous parcel to an existing city is not permissible for the reason that it is unauthorized by law.

Other questions raised in the case and discussed by counsel in their briefs have been considered in prior decisions and determined there. Further discussion is unnecessary. For the reasons above stated the equity action is remanded to the circuit court with directions to set aside the decree entered and to enter a decree in accordance herewith to the effect that the election on the question of annexing the area known as Morris Hills to the city of Mt. Morris was

invalid and a nullity. As above stated, the order of the circuit court denying the writ of mandamus sought against the board of canvassers is affirmed. In view of the nature of the questions at issue, no costs are allowed.

DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and O'HARA, JJ., concurred.

