TOWNSHIP OF OWOSSO *v.* CITY OF OWOSSO

1. MUNICIPAL CORPORATIONS — ANNEXATION — STATUTES — JUDICIAL
   PRECEDENT.
   Cases arising prior to a new statute, which provides the only
   procedures by which a municipal corporation may annex ter-
   ritory, must follow pertinent judicial precedent (MCLA
   § 117.9).

2. MUNICIPAL CORPORATIONS—ANNEXATION—CONTIGUITY.
   Addition of a noncontiguous parcel to an existing city was
   not permissible because it was unauthorized by law in the
   absence of a definitive statute and legal contiguity did not
   exist where the shape of a parcel in a township, sought to be
   annexed to a city, was highly irregular with a total of 40
   sides and the bulk of the parcel consisted of approximately
   240 acres connected to the city by a strip of land 1,326 feet
   in length and 282 feet in width at its narrowest point as the
   judicial standard of contiguity requires more than a touching
   of two parcels of land.

Appeal from Court of Appeals, Division 2, T. M.
Burns, P. J., and Quinn and Roberts, JJ., reversing
Shiawassee, Michael C. Carland, J. Submitted June
8, 1971. (No. 5 June Term 1971, Docket No. 52,999.)
Decided August 27, 1971.

25 Mich App 460 affirmed.

Complaint by Township of Owosso and Eugene C.
Earle against the City of Owosso and others to set
aside an annexation election. Judgment for defend-

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 38 Am Jur, Municipal Corporations §§ 23–34.

ants. Plaintiffs appealed to the Court of Appeals. Reversed and remanded. Defendants appeal. Affirmed.

*Gerald J. McClear* and *Bauckham, Reed & Lang,* for plaintiffs.

*Louis C. Andrews, Jr.,* and *Louis D. Benson* (*Mann, Lipnick & Darrow,* of counsel), for defendants.

WILLIAMS, J. This case involves construction of the judicial requirement of "contiguity" in municipal annexation under legislation now superseded.

On April 5, 1968, a petition for the annexation of lands lying in the Township of Owosso to the City of Owosso was filed with the Shiawassee County Clerk. The shape of the parcel to be annexed is highly irregular with a total of 40 sides. The bulk of the parcel consists of approximately 240 acres and is connected to the City of Owosso by a strip of land 1,326 feet in length, and 282 feet in width at its narrowest point. The area to be annexed is substantially vacant and owned by four promoters. Two qualified electors, parents of one of the promoters, reside on the area to be annexed. Approximately 160 qualified electors were excluded by the irregularly drawn boundaries from the area which was sought to be annexed. It is clear that the area to be annexed was designed in such a manner as to guarantee a vote on favor of annexation among the qualified electors in the area to be annexed.

The annexation petition was considered by the Shiawassee County Board of Supervisors on June 11, 1968. A letter signed by the Mayor of the City of Owosso, one of the circulators of the petition, was sent to the members of the board of supervisors ad-

vising them that their only concern should be whether the signatures and description on the petition were valid, and that it was up to the courts to decide any question as to size, shape or location of the parcel. By resolution the board of supervisors called an election on the question of the annexation of the described territory for August 6, 1968. In that election, the only two qualified electors included in the area to be annexed voted for the annexation. In the balance of the township there were 491 votes against annexation and 161 votes in favor of it. The proposition was carried in the City of Owosso by a vote of 1,773 to 475.

On September 5, 1968, the instant proceedings were commenced by the plaintiffs to have the election set aside because of alleged gerrymandering and lack of contiguity. While the trial court ruled that contiguity was an essential element of a proper annexation, it attempted to distinguish *Genesee Twp.* v. *Genesee County* (1963), 369 Mich 592, by noting that the 1,326 by 282 foot strip involved here was sufficient, for traffic and utility purposes, to make the bulk of the parcel contiguous to the City of Owosso. The trial court, observing accurately that the annexation statute at that time did not prescribe any standards as to the shape and size of an area to be annexed, decided the determination of such questions was not a proper judicial function.

The Court of Appeals reversed, ruling that reasonable compactness and regularity of boundary are included in the requirement of contiguity. The Court decided that the necessary contiguity was not present here, and that the configuration of such a parcel is not totally beyond judicial review. On the basis of the law as of the time of this action, we affirm the Court of Appeals.

In the case of *Goethal* v. *Kent County Supervisors* (1960), 361 Mich 104, this Court held that it was a function of the legislature to establish standards for the annexation of territory by municipal corporations.

We take note that since April, 1968, when this petition for annexation was filed, our legislature has passed comprehensive new legislation dealing with this area of the law. The new statute, MCLA § 117.9 (Stat Ann Current Material § 5.2088), as amended by PA 1970, No 219, effective April 1, 1971, now provides the only procedures by which a municipal corporation may annex territory. It establishes certain substantive standards to guarantee that future annexations will be made for the general good of the areas concerned, and not merely for the private good of individual citizens. The statute also gives broad powers concerning annexations to an independent State Boundary Commission.

Cases arising prior to the new statute must follow pertinent judicial precedent. In *Genesee Twp.* v. *Genesee County* (1963), 369 Mich 592, this Court laid down principles for annexation problems applicable pending the more specific legislation now enacted. There we refused to compel an annexation election even though all the statutory procedural requirements had been complied with. Our language left no doubt that in the absence of a definitive statute, certain substantive standards for annexations would be required by the courts:

"So, as to territorial extent, the idea of a city is one of unity, not of plurality; of compactness or contiguity, not separation or segregation. Contiguity is generally required even in the absence of statutory requirement to that effect, and where the annexation is left in the discretion of a judicial

tribunal, contiguity will be required as a matter of law." *Genesee Twp., supra,* 603.

And again:

" * * * the rule is well established that in the absence of express authority therefor a municipal corporation may not be created, under the Constitution and laws of this State, composed of areas that are not adjacent or contiguous and that, in consequence, the addition of a noncontiguous parcel to an existing city is not permissible for the reason that it is unauthorized by law." *Genesee Twp., supra,* 605.

We also made it clear that the judicial standard of contiguity requires more than a mere touching of two parcels of land. In the *Genesee Twp.* case, *supra,* we ruled that even though the parcels involved in the proposed annexation were connected by a 150 foot railroad right-of-way, contiguity did not exist and the annexation was impermissible.

Applying the standards we adopted in the *Genesee Twp.* case, *supra,* we cannot conclude that legal contiguity existed in the instant case.

The decision of the Court of Appeals is affirmed. A public question being involved, no costs are allowed.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, T. G. KAVANAGH, and SWAINSON, JJ., concurred with WILLIAMS, J.