BIG SIOUX TOWNSHIP, A Civil Township, Sylvia Oothoudt and Robert F. Lawrence, Plaintiffs and Appellants,

v.

Albert STREETER, in his capacity as mayor of North Sioux City, South Dakota, and the City of North Sioux City, South Dakota, an Incorporated City in the State of South Dakota, Defendants and Respondents.

Nos. 12398, 12401.

Supreme Court of South Dakota.

Argued Oct. 18, 1978.

Decided Dec. 29, 1978.

R. J. Krueger, Jr., of Meierhenry, DeVany & Krueger, Vermillion, for plaintiffs and appellants.

Arthur L. Rusch, of Bogue, Weeks & Rusch, Vermillion, for defendants and respondents.

DUNN, Justice.

This case involves a suit brought by Big Sioux Township (Township) challenging the annexation of the McCook Lake area by North Sioux City, South Dakota (NSC). The trial court held that the annexation was valid in all respects. We reverse and remand.

The McCook Lake area is an unincorporated residential area to the northwest of NSC and is governed by the Township. The annexation procedure began on June 20, 1977, when the NSC common council passed a resolution of intent to annex the area. Two notices of a public hearing on the question of annexation were published in the month of July. The public hearing was held on August 1, 1977, for the consideration of objections. The council further considered petitions for exclusion from the annexation area from its residents on August 15, 1977. On the 16th of August, the Board of County Commissioners of Union County approved the proposed annexation. At a special meeting on August 29, 1977, the NSC common council adopted the annexation resolution.

The Township brought this action for a declaratory judgment that the annexation was void. Both parties filed motions for summary judgment. On October 4, 1977, the trial court denied the Township's motion and granted NSC's motion as to all but two of the Township's assertions in its complaint.[1] The first such assertion ques-

1. The Township appeals from the orders of the trial court denying the Township's motion and granting NSC's motion. The orders were interlocutory and not appealable of right absent an express determination by the trial court that there was good cause to appeal. Accordingly, the township appeal from the orders is dismissed.

tions the procedure used in adopting the resolution and claims it was not passed at a proper meeting of the NSC council. The second such assertion states that the lack of contiguity between NSC and the McCook Lake area renders the annexation void. At a trial before the court on October 20, 1977, the trial court granted NSC's motion for directed verdict as to both assertions at the close of the Township's case. Judgment was entered decreeing that the annexation was valid in all respects. The Township appeals from the judgment granting the motion for directed verdict and dismissing the Township's complaint.[2]

The findings of the trial court are presumed to be correct, and we will not set such findings aside unless they are clearly erroneous. SDCL 15–6–52(a). We will view the entire evidence to ascertain whether we are left with a definite and firm conviction that a mistake has been committed. *Cunningham v. Yankton Clinic, P.A.*, 1978, S.D., 262 N.W.2d 508.

Although we are somewhat troubled regarding the procedure used by NSC as it relates to the required strict compliance with the annexation statutes in SDCL 9–4, we deem the assertion questioning the procedure to be waived. In response to questions from the court on oral argument, the Township conceded that the procedure utilized by NSC was in literal compliance with SDCL 9–4 and, further, that the notice given by NSC was in minimal compliance with SDCL 9–4.

We turn to the second assertion that the lack of contiguity between NSC and the McCook Lake area renders the annexation void. The annexation statutes address the extension of boundaries over territory "adjoining" any municipality or "contiguous" to such municipality if its governing body deems it "for the best interest of the city." SDCL 9–4–2, 9–4–3. Absent precise definitions for such terminology, we must determine the interpretation to be given in order to decide whether the McCook Lake area is a proper subject for annexation by NSC.

The basic concept of a municipal corporation is that of a homogeneous entity and, in a territorial sense, the entity is "one of unity, and not of plurality; of compactness or contiguity, not separation or segregation." *Town of Mt. Pleasant v. City of Racine*, 1964, 24 Wis.2d 41, 127 N.W.2d 757, 760. See, *Township of Owosso v. City of Owosso*, 1971, 385 Mich. 587, 189 N.W.2d 421; 56 Am.Jur.2d, Municipal Corporations, § 69; 62 C.J.S. Municipal Corporations § 9b. In order to maintain and preserve this concept of homogeneity and unity, any annexation to a municipal corporation must necessarily be natural and reasonable. A natural and reasonable annexation may result from the following justifications: a need resulting from the orderly growth and development of the municipal corporation; an outflow of benefits including services and facilities to the outlying territory without a corresponding inflow of monetary contribution for such benefits resulting in an uncompensated burden to the municipal corporation;[3] or an expressed need that the outlying territory has for services and facilities that the municipal corporation is able and willing to provide.

In this context, we interpret the terminology in the annexation statutes to require not only common boundaries but also a community of interest. The terms "contiguous" and "adjoining" regarding annexation indicate a touching in the physical sense with a common border of reasonable length or width. Factors involved in this consideration include significant physical barriers, irregular shapes, such as narrow corridors and gerrymandering, and unjustified enclaves or islands of unannexed territory entirely surrounded by the municipal corporation. See, Annot. 49 A.L.R.3d 589.

---

**2.** Although the case was tried before the court without a jury, the Court granted the NSC motion for directed verdict when it should have considered only a motion to dismiss.

**3.** The converse is also true, i. e., the limits of a municipal corporation should not be extended for the sole purpose of increasing the municipal tax base absent the outflow of services and facilities to outlying territory.

In the annexation context, "contiguity" and "best interest" include more than common boundaries. *Township of Owosso v. City of Owosso*, supra; McQuillin, The Law of Municipal Corporations, 3rd ed., § 7.20, p. 365. There must also be a showing of a community of interest flowing from one of the justifications for a natural and reasonable annexation discussed above. To qualify as a natural and reasonable annexation of "contiguous" or "adjoining" territory in the "best interest" of the annexing municipality, there must be a determination as to whether the requirements of a common boundary and a community of interest are met and whether the municipal body created upon completion of the annexation will constitute a homogeneous and unified entity. See, Annot. 49 A.L.R.3d 589, §§ 2[a], 7; McQuillin, supra, at 364.

The evidence shows that the McCook Lake area has a larger land area and higher tax base than NSC. The annexation would create an island of unannexed territory approximately one-half the size of preannexation NSC. The interstate highway is a physical barrier running lengthwise and providing two access points between the McCook Lake area and the populated portion of NSC. The annexation area appears to be in the shape of an inverted letter "L." The area's fire protection comes from Jefferson, South Dakota; Akron, Iowa; and NSC, and the area pays Union County a .50 mill levy which is distributed to the fire departments in the county. The area's police protection comes from the Union County Sheriff's Department with some assistance on emergency occasions from the NSC police. The area has its own water and sewer facilities and gets its ambulance service from Jefferson. The area residents send their children to McCook Lake School and Jefferson High School. A sanitary land fill is located in the Township, is utilized by NSC and the Township, and is financially maintained by NSC and the Township in equal shares. Each entity maintains its own portion of the frontage service road running on the west side of the interstate highway.

The trial court found that there was a common boundary of approximately one mile with no significant barriers between NSC and the annexation area. The trial court further found that there were "some governmental services" being provided by NSC for the annexed area. The trial court concluded that the annexed area was contiguous and adjoining to NSC and that the annexation was valid. The trial court apparently interpreted the terms "contiguity" and "adjoining" as only meaning common boundaries in the context of a physical touching and based its findings thereon. In light of our interpretation of the annexation statutes as discussed herein, we must conclude that the trial court's findings are clearly erroneous, and the case must be remanded for findings in accordance with our discussion herein.

The judgment of the trial court is reversed and the case is remanded to the trial court with instructions to retry the issue of contiguity consistent with our interpretation herein.

All the Justices concur.