COLDWATER TOWNSHIP v CITY OF COLDWATER

Docket No. 64631. Submitted June 12, 1980, at Lansing.—Decided November 4, 1980.

Coldwater Township and certain property owners within the township brought an action against the Michigan State Boundary Commission challenging the commission's approval of three annexation petitions. The City of Coldwater was granted leave to intervene as defendant. Both the township and the commission moved for summary relief. Ingham Circuit Court, James T. Kallman, J., affirmed the commission's approval of one petition and reversed its approval of the other two, remanding the latter two petitions to the commission and instructing it to hold appropriate hearings. In addition, the trial court held that land described in an annexation petition could not be revised by the commission by more than ten per cent without giving new notice to affected landowners and conducting hearings. The commission appeals. *Held:*

1. The trial court properly remanded the annexation petitions for supplemental hearings *to give the property owners* affected by the adjusting-in of territory an opportunity to be heard as of right.

2. The trial court erred in limiting the requirement of supplemental public hearings in all future annexation petition proceedings to those cases where the commission revises boundaries of affected land by more than ten per cent. A property owner so affected must be given an opportunity to be heard regardless of the percentage of land involved in an adjustment.

Affirmed in part, reversed in part and remanded.

1. MUNICIPAL CORPORATIONS — ANNEXATION — STATE BOUNDARY COMMISSION — STATUTES.

The State Boundary Commission has jurisdiction to hear petitions

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 70, 71, 339.

[2] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 72.

[3-6] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 70 *et seq.*

or resolutions to annex land to a home rule city and, after determining the validity of such petitions or resolutions, hold public hearings in or reasonably near the areas proposed for annexation (MCL 117.9[2], 123.1001 *et seq.;* MSA 5.2088[2], 5.2242[1] *et seq.).*

2. MUNICIPAL CORPORATIONS — INCORPORATION OF MUNICIPALITIES — STATE BOUNDARY COMMISSION — STATUTES.

The State Boundary Commission may approve or deny a proposal for incorporation of a municipality or annexation of territory or revise the boundaries of the area proposed for incorporation or annexation and approve the proposal as revised after a public hearing on the proposal has been held and the proposal has been reviewed by the commission (MCL 123.1010[1]; MSA 5.2242[10][1]).

3. MUNICIPAL CORPORATIONS — STATE BOUNDARY COMMISSION — NOTICE REQUIREMENTS — STATUTES.

The State Boundary Commission must notify interested parties of a public hearing regarding an incorporation or annexation proposal by publication, send notification to township clerks by certified mail, and give notice in accordance with the Open Meetings Act (MCL 15.261 *et seq.,* 123.1008[4]; MSA 4.1800[11] *et seq.,* 5.2242[8][4]).

4. MUNICIPAL CORPORATIONS — ANNEXATION — STATE BOUNDARY COMMISSION — PUBLIC HEARINGS — TESTIMONY OF INTERESTED PROPERTY OWNERS.

The state boundary commission act requires that interested property owners be heard at public hearings regarding annexation to insure review by the commission of appropriate information prior to reaching a determination on the merits of a proposal (MCL 123.1008; MSA 5.2242[8]).

5. MUNICIPAL CORPORATIONS — ANNEXATION — STATE BOUNDARY COMMISSION — SUPPLEMENTAL HEARINGS — ADMINISTRATIVE CODE.

The State Boundary Commission should hold supplemental hearings to consider revisions of boundaries in an annexation proposal where rights of property owners will be substantially affected by adjusting-in of territory (1974 AACS R 123.71[2]).

6. MUNICIPAL CORPORATIONS — ANNEXATION — STATE BOUNDARY COMMISSION — ADJUSTING-IN — OPPORTUNITY TO BE HEARD.

A property owner, whose land is located in an adjusted-in area, should be given an opportunity to be heard before the State

Boundary Commission acts on an annexation petition regard-
less of the total percentage of adjustment of the boundaries of
the affected land.

*Bauckham, Reed, Lang, Schaefer & Travis, P.C.,*
for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Milton I. Fire-
stone* and *George M. Elworth,* Assistants Attorney
General, for defendant State Boundary Commis-
sion.

Before: T. M. BURNS, P.J., and BEASLEY and G. R.
DENEWETH,* JJ.

T. M. BURNS, P.J. The defendant State Boundary
Commission appeals as of right a June 1, 1979,
lower court order reversing a decision of that
defendant which approved two petitions seeking to
annex land from the plaintiff Township of Coldwa-
ter and attach it to the intervening defendant,
City of Coldwater.[1]

In April and in June of 1972, various land
owners in the Township of Coldwater filed pe-
titions with the State Boundary Commission to
have their properties annexed to the City of Cold-
water. The annexation petitions, which were unre-
lated and which involved separate proposed annex-
ations, were assigned docket numbers 72-AP-4, 72-
AP-5 and 72-AP-8 by the commission. Public hear-
ings on petitions 72-AP-4 and 72-AP-5 were con-
ducted by the commission on September 26, 1972,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Plaintiffs have not appealed that portion of the lower court
opinion affirming the annexation of the property described in petition
number 72-AP-4. Therefore, our decision here in no way affects the
legal status of that property.

and a public hearing on 72-AP-8 was held on February 13, 1973.

Plaintiff Township of Coldwater, from whom the proposed annexed lands were to be ceded, objected to the petitions for several reasons, chief of which was that the proposed annexations purportedly violated the principle of legal contiguity.[2] However, the defendant commission resolved the problem of contiguity by adding more land to the parcels described in petitions 72-AP-5 and 72-AP-8, a process referred to as "adjusting-in". The commission conducted no additional public hearings and provided no notice to the land owners affected by the adjusting-in prior to approving the revised annexation petitions on March 29, 1973.

On May 24, 1973, plaintiffs instituted the action at bar, challenging the commission's approval of the three annexation petitions. On December 12, 1975, the parties stipulated to holding the resolution of this case in abeyance pending a decision by the Michigan Supreme Court in the case of *Midland Twp v State Boundary Comm,* 401 Mich 641; 259 NW2d 326 (1977), appeal dismissed 435 US 1004; 98 S Ct 1873; 56 L Ed 2d 386 (1978).

Following the Supreme Court's decision in *Midland Twp,* defendant commission moved for summary judgment pursuant to GCR 1963, 117.2(1). Although plaintiffs did not formally move for summary judgment, in their answer to defendant commission's motion they prayed for summary relief. After taking briefs and considering the arguments of the parties, the lower court rendered a decision on June 1, 1979, affirming the annexation of the parcel described in petition 72-AP-4 and reversing the commission's decisions on petitions 72-AP-5

---

[2] See, *Township of Owosso v City of Owosso,* 385 Mich 587; 189 NW2d 421 (1971).

and 72-AP-8. With regard to the latter two annexation petitions, the court held that the commission could not add significant portions of land to an annexation plan without first giving notice and offering a public hearing to land owners affected by the adjusted-in process. Accordingly, the court remanded the latter two petitions to the commission and instructed it to hold appropriate hearings. Finally, the court established a rule whereby the commission may not revise by more than 10% the amount of land described in an annexation petition without first giving notice to affected land owners and holding a supplemental hearing. The defendant commission now appeals.

The State Boundary Commission was created by 1968 PA 191; MCL 123.1001 *et seq.;* MSA 5.2242(1) *et seq.* Originally vested with jurisdiction over incorporation and consolidation petitions, in 1972 the commission was given power over petitions to annex land to a home rule city. 1972 PA 362. This 1972 amendment to the state boundary commission act brought the powers of the commission into conformity with the provisions of § 9 of the home rule cities act, MCL 117.9; MSA 5.2088. Subsection 2 of § 9 of the home rule cities act, MCL 117.9(2); MSA 5.2088(2), provides:

"Except as provided in subsections (1) and (8) [MCL 117.9(1) and (8); MSA 5.2088(1) and (8)], a petition or resolution for annexation of territory shall be filed in the Lansing office of the state boundary commission. The commission, after determining the validity of the petition or resolution, shall hold a public hearing in or reasonably near the area proposed for annexation. The commission in processing and approving, denying or revising a petition or resolution for annexation shall have the same powers and duties and be in accordance with and subject to the provisions of Act No. 191 of the Public Acts of 1968 [the state boundary commission

act], relating to petitions which propose incorporations."

Equally pertinent to our consideration of this case is § 10(1) of the state boundary commission act, MCL 123.1010(1); MSA 5.2242(10)(1). It provides:

"After the public hearing on a proposed incorporation and review thereof by the commission, the commission may deny the proposed incorporation, approve the petition or revise the boundaries of the area proposed for incorporation and approve the proposal as revised."

Although the language of this statute speaks in terms of "incorporation" proceedings and not "annexation" ones, it applies equally to both. This fact was made quite clear in *Midland Twp, supra,* 677, where, in interpreting § 10 of the state boundary commission act, the Supreme Court held: "The commission, in exercise of its broad-ranging power and discretion, may revise the boundaries set forth in a petition to include any land that might originally have been included in the petition or to exclude land that was included."

Although the state boundary commission act requires the commission to determine the legal sufficiency of an annexation petition and to conduct a public hearing on the petition if it is sufficient, the act does not specifically address the rights of adjusted-in property owners:

"At least 60 days but not more than 220 days after the filing with the commission of a sufficient petition proposing incorporation, the commission shall hold a public hearing at a convenient place in the area proposed to be incorporated. At the public hearing the reasonableness of the proposed incorporation based on

the criteria established in this act shall be considered."
MCL 123.1008(3); MSA 5.2242(8)(3).

The commission must notify interested parties of the public hearing by publishing notification in an area newspaper at least seven days before the date of the hearing, by sending notification by certified mail to clerks of the townships affected at least 30 days before the date of the hearing and by giving notice in the manner required by the Open Meetings Act, MCL 15.261 *et seq.;* MSA 4.1800(11) *et seq.* See, MCL 123.1008(4); MSA 5.2242(8)(4).

The commission argues that it has fulfilled all of its statutory obligations under these statutes. That is, it has examined the annexation petitions, which it found to be sufficient, and has held public hearings on each of them. Plaintiffs, however, argue that the public hearings were insufficient to comply with the applicable statutes because the owners of property in the territory adjusted-in to the annexation petitions never received any notice that their land would be so affected and the records of the public hearings are devoid of any mention of the adjusted-in territory. Thus, even if the affected property owners had attended the public hearings, they would have neither realized that their property was subject to annexation under the petitions nor been prompted to testify regarding the reasonableness of the annexation proposal. Plaintiffs further argue that, as a consequence, the commission never had before it sufficient evidence to make the determination on the reasonableness of the annexation proposal under the criteria set forth in § 9 of the state boundary commission act. MCL 123.1009; MSA 5.2242(9). We are persuaded that plaintiffs are correct.

Section 8 of the state boundary commission act creates a right of property owners to be heard at

the public hearings. The clear legislative intent behind the requirement that the commission hold a public hearing is to insure that the commission will gather appropriate information before reaching a determination on the merit of an annexation proposal under the criteria of § 9 of the act. Section 8, therefore, pertains not only to the rights of an individual property owner to be heard at the public hearing, it also affects the informational basis of the decision-making process. Simply stated, the commission cannot fulfill its obligation to consider the criteria set forth in § 9 of the act without giving due regard to the testimony of interested property owners who wish to be heard on the annexation proposal.

Within the time limits for holding public hearings under § 8(3) of the act, the commission has sufficient time to hold supplemental hearings where the rights of property owners will be substantially affected by the adjusting-in of territory to an annexation petition. Moreover, we note that the commission's own rules authorize it to conduct supplemental hearings to consider outward revisions of the boundaries in an annexation proposal. See, 1974 AACS R 123.71(2).

Therefore, we affirm the holding of the lower court remanding annexation petitions 72-AP-5 and 72-AP-8 to the commission for the purpose of holding appropriate supplemental hearings on them at which property owners affected by the adjusting-in of territory to these petitions will have a right to be heard.

We reverse, however, the lower court holding that, in all future annexation petition proceedings where the commission revises the boundaries of affected land by more than 10%, it must hold supplemental public hearings. A property owner,

whose land is located in an adjusted-in area, must be given an opportunity to be heard on the annexation petition regardless of whether the total adjustment is less than 10%, approximately 30%, as was the property in 72-AP-5, or over 100%, as was the territory in 72-AP-8. The Legislature did not provide for a 10% figure in drafting the state boundary commission act, and it would be inappropriate for the courts of this State to do so.

Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.